at law is commenced against two defendants, one of whom dies before the trial; after which judgment is obtained against the survivor and an execution issued against him, and returned unsatisfied, the plaintiffs in such suit, upon a bill filed here, showing the existence of a joint debt against the two defendants at the time of the death of the decedent, and that the survivor has no property, may claim payment of the judgment out of the property of the decedent, whether the debt was a partnership debt, or a joint indebtedness of any other description.

*Facts necessary to be stated in.* But that to entitle the complainants in such a suit to any relief against the estate of the decedent, their bill must state a joint indebtedness by the defendants in the suit at law, and the nature and particulars thereof, in the same manner as if no suit had ever been commenced thereon : to enable the persons representing the estate of the decedent in this court to make a proper defence if they have any.

Decree appealed from reversed with costs, and demurrer allowed. Complainants to pay costs and amend bill in sixty days, or bill to be dismissed.

*George I. Bechtel et al.* v. *Brittain M. Cutter et al.* G. A. Shufeldt and J. Holmes, for complainants; C. O'Con-
*Receiver on creditor's bills.* nor, for defendants. The chancellor refused to appoint a receiver as to assigned property upon a creditor's bill, where the defendant and the assignee swore that the whole of the assigned property was not sufficient to pay the debts for the security of which it was assigned, and that there was no intention to defraud creditors.

The application was made before the defendants had answered.

Order appealed from affirmed, but without prejudice to right to renew application after the putting in of the answers.

*Judiah Ellsworth* v. *Lewis Curtis et al.* Ellsworth, complainant, *pro se ;* O. L. Barbour and N. Hill, Jr., for defendants.

Motion by complainant to take defendants' answer and disclaimer off the files of the court. The chancellor decided

that the answer and disclaimer, in this case, covered the whole bill.

That exceptions cannot be filed to a simple disclaimer; the only remedy of the complainant who is entitled to an answer, in such a case, being to move to take the disclaimer off the file. *No exceptions will lie to a simple disclaimer.*

But that if the disclaimer is accompanied by an insufficient answer, the proper course is to except to the answer for insufficiency; as the defendant cannot, by a disclaimer, deprive the complainant of the benefit of a full answer, unless it is evident that the defendant ought not, after such disclaimer, to be continued a party to the suit. *But accompanying answer may be excepted to.*

That after all the effects of a corporation have been assigned to a receiver, for the benefit of its creditors, so that it has no interest in a controversy relating to such effects, and ought not to be made a party thereto, *it seems* that an officer of such corporation who has no personal interest in the controversy, and is not charged with any fraud or misconduct, cannot be compelled to answer in relation to matters as to which he is a mere witness. *Answer from officers of corporations.*

Motion denied with $8 costs; but with liberty to complainant to except, within the usual time.

*Guy H. Goodrich* v. *Thomas Day.* J. T. HUDSON, for complainant. Decree settled and entered.

*Magdalena Bell* v. *The Mayor, &c. of New York.* S. SHERWOOD and D. B. OGDEN, for complainant; R. EMMETT and D. LORD, JUN., for defendants. Decree of the vice chancellor remodeled, without costs to either party on the appeal.

*Ferdinand Suydam et al.* v. *James P. Bartle.* D. GREIG, for complainants; J. EDWARDS and J. RHOADES, for defendants. Usual decree referring it to a master to compute amount due on bond and mortgage and for sale of mortgaged premises.

*The Bank Commissioners* v. *The City Bank of Buffalo.* W. HALL, for complainants; L. F. ALLEN, in person. Motion for attachment against Lewis F. Allen denied.

*The Same* v. *The Same.* J. ELLSWORTH, for complainants; E. NORTON, for Lathrop. Application for attachment