Isham *v.* Miller.

---

### HEYWARD ISHAM

*v.*

### HENRIETTA B. MILLER.

1. A defendant cannot deprive the complainant of his right to an answer by filing a disclaimer.

2. A defendant cannot file a disclaimer except when it is proper, on his disclaiming any interest in the subject of the litigation, to dismiss the bill against him.

3. If a defendant disclaims when he ought to answer, the court may order his disclaimer taken from the files.

---

On motion to take a disclaimer from the files.

*Mr. P. H. Gilhooly*, for motion.

*Mr. Frank Bergen*, contra.

VAN FLEET, V. C.

The principal object of the suit in this case is to procure a decree declaring a deed, absolute on its face, to be a mortgage. The deed was made by the complainant to the defendant. The bill alleges that the debt, which the deed was intended to secure, has been paid, and also that the defendant, on its payment, conveyed part of the land, which she held as security, to the complainant, and the residue to another person, but that at the time these conveyances were made the defendant was a married woman, having a husband living, who did not join with her in the execution of the deeds, and so, in consequence of the invalidity of her effort to convey, she still stands seized of the legal title to the lands. To unravel this tangle, the complainant seeks a decree declaring that the deed is a mortgage, and that the mortgage debt has been paid, and thus procure an establishment of his own title by a judicial declaration that the defendant's right in the lands has been discharged.

To meet the case thus made by the complainant, the defendant says that she did not have, at the time the complainant filed his bill, any right, title or interest, either legal or equitable, in the lands in question, nor did she claim to have, and also, that if the complainant had applied to her before filing his bill she would have executed any conveyance or release necessary to perfect his title. The complainant moves to strike the defendant's disclaimer from the files. The ground of his motion is that the actionable facts alleged in the bill make a case against which a disclaimer constitutes no defence. Or, to state the ground in another form, the complainant says, for a defendant standing in the position which the defendant in this case does, to say, I disclaim all right and interest in the subject matter of the litigation, neither shows that the complainant is not entitled, as against the defendant, to the relief he asks, nor that the defendant is entitled to a dismissal. A disclaimer is a mode of defence, and if it prevails the defendant must be dismissed, and, as a general rule, he will have a right to be dismissed with costs to be paid by the complainant. If, however, a defendant attempts to disclaim in a case where his disclaimer does not entitle him to a dismissal, but

he must, notwithstanding his disclaimer, still be retained as a party defendant, in order that the relief, which the facts alleged in the bill show the complainant to be entitled to, may be decreed to him, the pleading, being useless to the defendant and without effect in the cause, except as an obstruction, will be ordered to be taken from the files. Judge Story states the rule on this subject as follows: "A defendant cannot, by a disclaimer, deprive the plaintiff of the right of requiring a full answer from him, unless it is evident that the defendant ought not, after such disclaimer, to be retained as a party to the suit. For a plaintiff may have a right to an answer, notwithstanding a disclaimer; and in such a case the defendant cannot shelter himself from answering by alleging that he has no interest." *Story's Eq. Pl.* § *840*. This statement of the rule simply repeats what was declared by Lord Eldon in *Glassington* v. *Thwaites, 2 Russ. 458,* and by Chancellor Walworth in *Ellsworth* v. *Curtis, 10 Paige 105.* And Lord Cottenham, in *Graham* v. *Coape, 3 Myl. & Cr. 638,* held that the course to be pursued, where a defendant disclaimed when he ought to answer, was to order the disclaimer to be taken from the files.

Now, it is entirely certain that the defendant is not entitled to a dismissal, for, giving her disclaimer its utmost effect, it is still, on the admitted facts of the case, so plain as to be beyond dispute that, notwithstanding her conveyances, she still holds the legal title to the lands in question, and will, while she and her husband both live, continue to do so until one of two things happens, namely, until she and her husband join in making a conveyance of the lands, or it is judicially declared that she simply held the legal title to them in pledge as security for the payment of a debt, and that the debt has been paid. For the defendant to say that she disclaims all right and title to the lands amounts to absolutely nothing at all, either as a ground of dismissal, or as a means of transmitting or relinquishing her right. The thing that the complainant wants is a judicial declaration that the deed which he made to the defendant is not what on its face it purports to be, but a mortgage. If the facts stated in his bill are true, the complainant is unquestionably entitled

to such a de·laration. In view of the ·facts alleged in the bill, such a declaration can be made against nobody but the defendant. Without her before the court as a party defendant, the suit, for all practical purposes, will be abated, and no decree can be made, for she is the only person against whom relief, of the kind sought, can be given. This statement of the issue tendered by the bill shows, as I think conclusively, that any pleading on the part of the defendant which does not in substance either deny or admit that the deed is a mortgage, does not in any manner meet the complainant's case. A disclaimer, in view of the case made by the complainant's bill, is obviously without either object or effect. The complainant's motion must prevail.