Complainant has filed a bill for foreclosure in the usual form, alleging among other things that, after the execution of its mortgage, the mortgaged premises were conveyed to Raymond L. Warren and Carrie S. Warren, his wife, as tenants by the entirety, by deed containing an assumption of the mortgage debt. Carrie S. Warren died (apparently intestate) after the latter conveyance, and letters of administration were granted to her husband, Raymond L. Warren.
Complainant joined as defendant herein the said Raymond L. Warren, administrator, c., who filed an answer and disclaimer; so far as the latter pleading purports to be an answer, it states only that defendant's decedent "did not assume and agree to pay the principal sum of the bond mentioned and recited in paragraph one of said bill of complaint" and that said decedent "had no notice or knowledge of said assumption clause, nor any participation in said transaction whatever and is not therefore liable on said bond;" the balance of the pleading is a disclaimer of any right, title, or interest in the defendant administrator "in any of the matters in question in this suit."
A motion is now made to strike out the pleading.
The obvious purpose of joining this defendant as a party to the foreclosure is to establish against him the amount due on the mortgage. In that respect he is a proper party, and, if complainant is laying the foundation for a possible deficiency judgment on the bond which the mortgage secures, as is its right, then this defendant must be joined as a party to the foreclosure. Chapter 88, P.L. 1935 p. 260. In these circumstances defendant cannot disclaim and thus be dismissed; complainant is entitled to retain him as a party and have his position adjudicated with respect to the matters raised in the bill.
Nor is the pleading sufficient as an answer. Nowhere does the defendant either admit or deny the deed referred to in the bill of complaint, in which his decedent is alleged to be one of the grantees, nor does he either admit or deny the allegation that the deed contained a covenant of assumption. It is evident, however, that he seeks to avoid the legal consequences *Page 143 
of such a covenant. It may not be inappropriate to here suggest that his remedy, if any he have, is reformation; but, of course, the latter form of relief cannot be awarded on an answer alone — that issue, contemplating as it does affirmative relief, must be tendered by an original bill or by a counter-claim annexed to a proper answer.
Accordingly the complainant's motion prevails. In Isham v.Miller, 44 N.J. Eq. 61, Vice-Chancellor Van Fleet indicates the practice of removing a disclaimer from the files when a complainant is entitled to an answer; in the instant case, however, the disclaimer is embodied in an answer, though an insufficient one, so that the order will be to strike.