ESSEX COUNTY CIRCUIT COURT.

MAY C. HERBERT, EXECUTRIX OF THE ESTATE OF ELLEN A. HERBERT, DECEASED, PLAINTIFF, v. EMILY CORBY AND EUGENE A. KELLY, DEFENDANTS.

Decided July 14, 1939.

For the plaintiff, *Howe & Davis*.

For the defendant Emily Corby, *Alfred J. Grosso*.

SMITH, JOSEPH L., C. C. J.   This comes on a motion to strike the answer filed by the defendant Emily Corby as in part sham and in part insufficient in law.

The suit is for deficiency on a bond given by the defendant Eugene A. Kelly, and secured by a mortgage on a piece of real property, payment of which bond, the plaintiff maintains, was assumed by the defendant Corby, grantee of the said property.

The answer denies assumption of the mortgage, and further sets forth that when the plaintiff foreclosed the mortgage in the Court of Chancery, and caused to be served upon this

defendant, a subpœna with a ticket annexed, she failed to make known to this defendant, by means of the said ticket, that she, the complainant, intended to hold this defendant Emily Corby liable for the payment of the bond.

The defendant has filed no answering affidavits, and from the affidavits attached to plaintiff's moving papers, it appears without contradiction, that Eugene A. Kelly, predecessor in title of the defendant Corby, executed the bond in question, for a payment of $8,000, giving as security, the mortgage on the property subsequently foreclosed; that on September 28th, 1926, the said Eugene A. Kelly entered into an agreement in writing with the defendant Emily Corby for the sale of the property in question, for the sum of $14,500; under the terms of this agreement, the defendant Emily Corby agreed to assume the said mortgage, in the sum of $8,000, and this $8,000 mortgage was computed as a part of the purchase price.

Subsequently, on October 27th, 1936, the property in question was conveyed by Eugene A. Kelly and his wife, to Emily Corby; the said Emily Corby paying the agreed purchase price, and deducting therefrom, the sum of $8,000, the amount of the said mortgage.

The affidavit of Eugene A. Kelly further states that at the time of the conveyance, "it was always understood and agreed that the said Emily Corby should assume the payment of the said mortgage."

As above stated, no affidavits have been filed refuting or contradicting the above. The sole contention of the defendant is that the deed containing no assumption clause, the defendant has not assumed the first mortgage, despite the fact that she had agreed to do so, and despite the fact that the said sum of $8,000 was deducted from the purchase price. The rule is established that where the purchaser of land encumbered by a mortgage, agrees to pay a particular sum as a purchase price, and on the execution of the contract of purchase, the amount of the mortgage is deducted from the consideration, and the land is conveyed subject to the mortgage, the purchaser is bound to pay the mortgage debt, whether he

expressly agreed to do so or not. See *Heid* v. *Vreeland,* 30 *N. J. Eq.* 591; *Reeves* v. *Cordes,* 108 *Id.* 469; 155 *Atl. Rep.* 547; *Torrey* v. *Thayer,* 37 *N. J. L.* 339.

It appears, therefore, that that part of the answer which denies the assumption of the mortgage, is sham, and will be stricken out.

As to the contention that the ticket accompanying the subpœna did not advise this defendant of the plaintiff's intent to hold her liable on the bond, this defense is insufficient in law for that there is no duty upon the complainant in a chancery action, to so advise the defendant. *R. S.* 1937, 2:65-15, provides that the complainant "shall cause a ticket, in writing, shortly making known for what cause the said defendant is made such a party, to be issued," the said ticket being served with the subpœna. All that this requires is that the defendant be advised why she is made a party; as owner, as mortgagor, as a junior mortgagee, or whatever the cause may be. If this defendant was made a party as owner, her liability on the bond followed, as a matter of law, from the circumstances attending her purchase, and the section above quoted does not require that the complainant advise any defendant to what extent he intends to pursue his remedies.

In *Camden Safe Deposit and Trust Co.* v. *Warren,* 121 *N. J. Eq.* 141; 187 *Atl. Rep.* 651, Vice-Chancellor Davis held that where the purchaser of a mortgaged property, having assumed the mortgage, was made a party defendant, he cannot disclaim and be dismissed. The vice-chancellor said:

"The complainant is entitled to retain him as a party and have his position adjudicated with respect to the matters in the bill."

It appears then, that all that is necessary is to make him a party and show why he is made a party, without the necessity of disclosing the intent to pursue the full remedy after foreclosure. That follows as a matter of right.

For the reasons stated, an order will be entered striking the answer as in part sham and in part insufficient in law.