DAVID H. TICHENOR v. ROBERT DODD.

The purchaser of a mere equity of redemption purchases a right, and does not assume an obligation to redeem. He may at his pleasure give up the mortgaged premises in satisfaction of the incumbrance.

He is liable to the extent of the value of the premises, and not beyond it.

But if by the terms of the sale the mortgage money is to be taken as a part of the consideration, equity raises upon the conscience of the purchaser an obligation to indemnify the mortgagor against the mortgage debt.

And if the debt be afterwards paid by the mortgagor, equity will compel the purchaser to refund the money so paid.

BILL for discovery and relief. Hearing upon bill, answer, replication and proofs.

*Hayes* and *Vroom*, for complainant.

*W. M. Scudder*, for defendant.

Cases cited by complainant's counsel. *Stevenson* v. *Black, Saxton*, 338; *Drake* v. *Bray*, 2 *Hal. Dig.* 631; *Tweddell* v. *Tweddell*, 2 *Brown's C. R.* 152; *Waring* v. *Ward*, 7 *Vesey*, 337; *Hartshorne* v. *Hartshorne*, 1 *Green's Chan.* 349; *Tice* v. *Annin*, 2 *John. C. R.* 125; *Weymouth* v. *Boyer*, 1 *Vesey*, 424; 2 *Caine's Cases in Error*, 40, 41; 3 *Peters*, 215; *Livingston* v. *Livingston*, 4 *John. C. R.* 290; *Sugden on Vendors*, 304.

Cases cited by defendant's counsel. 1 *Chitty's Gen. Pr.* 858; 2 *Story's Eq.* 794; *Saxton*, 338, 84; 1 *Green's Chan.* 467, 475, 6; *Ibid*, 267, 275; 2 *Story's Eq.* 108; *Saxton*, 15; *Stevenson* v. *Black, Saxton*, 345; 1 *Story's Eq.* 74, 259, 9; *Baker* v. *Biddle*, 1 *Bald.* 408; 8 *Cond. Eng. Chan.* 430; 12 *Cooper's Cases*, 179, 743; *Price* v. *Smith*, 1 *Green's Chan.* 519; *Eq. Drafts.* 619; 3 *Paige*, 313; 3 *Con. Eng. Chan.* 312; 3 *Moore and Scott*, 561; *Cumberland* v. *Coddington*, 3 *John. C. R.* 229; *Butler* v. *Butler*, 5 *Vesey*, 534, 8.

[Tichenor v. Dodd.]

THE CHANCELLOR. The complainant, by his deed, dated the twenty-fourth September, eighteen hundred and thirty-five, conveyed to the defendant, Dodd, certain lots of land in the city of Newark, for the consideration of seven hundred and fifty dollars. At the end of the description of the premises, follows this clause, " The above lots are conveyed subject to the payment of a certain mortgage thereon, given by the said David H. Tichenor to Oliver S. Halsted, James Dawes and Enoch Bolles, for five hundred and twenty-five dollars and thirty cents, which said mortgage, or the amount thereof, is computed as so much of the consideration to be paid to the said David H. Tichenor." Dodd paid Tichenor the amount of purchase money over and above the amount of said mortgage, and on the twenty-ninth of the same month of September, by deed conveyed the lots to one Abraham Hutchins, for the consideration of eight hundred and forty dollars, and inserted in the deed a clause respecting the mortgage, precisely like that contained in Tichenor's deed to him.

The bond and mortgage were afterwards assigned to William Rankin, who filed his bill in this court to foreclose the same, and obtained a decree thereon, under which the premises were sold for the sum of one hundred and eighty dollars, leaving a large balance due.

William Rankin then assigned the bond to James H. Tichenor, who called upon the complainant for the balance due on the bond. The complainant referred James H. Tichenor to Robert Dodd for payment, but he refusing, the complainant paid the amount due, and now files his bill to recover the same of Dodd.

The first proposition of the counsel of the complainant is, that the purchaser of the equity of redemption, takes it subject to the incumbrance, and is bound to indemnify the mortgagor ; that he takes it upon his personal responsibility to pay the incumbrance.

If the counsel means to insist that the purchaser is bound beyond the extent of the value of the premises, his proposition is

too broad to be maintained. The purchaser of a mere equity of redemption, purchases a right and does not assume an obligation to redeem. He may at his pleasure, give up the mortgaged premises in satisfaction of the incumbrance.

If he would retain and enjoy the premises, then he must pay off the incumbrance, and unite the legal title with his equitable interest. He may therefore safely be said to be liable to the extent of the value of the premises, and not beyond it. He takes them, it is true, *cum onere*, but may relinquish them *cum onere*.

To make him personally liable for the amount of the incumbrances, would greatly embarrass, and frequently prevent the sale of an equity of redemption. It would be contrary to the general understanding and daily practice upon the subject, and greatly prejudice the interest of the tenant of an equity of redemption.

In *Tweddell* v. *Tweddell*, 2 *Brown's C R*. 154, the leading case relied upon by the counsel, lord Thurlow uses language, which at first view might seem to sustain the proposition contended for, in its broadest sense; yet upon looking at the state of the case, it will be seen that the bill was filed by the devisee, against the personal representatives, and next of kin of the testator, who had covenanted to indemnify the mortgagor, and expressly charged the land devised with the payment of all his just debts and legacies.

If the lord chancellor meant to be understood as saying that this was a liability beyond the value of the premises, and without respect to the covenant and the devise, then his opinion is a mere dictum, for that question was not necessarily raised by the case.

Lord Eldon, in *Waring* v. *Ward*, 7 *Vesey*, 338, in commenting upon this opinion of lord Thurlow, regards it as an authority the other way, and says, "Whether lord Thurlow was right or ill-founded in the opinion, that upon the whole either the agreement at first, or the deed executing it, the contract was for an equity of redemption, and nothing more, rea-

soning upon the facts ; yet the case is a clear authority that if he decided the fact right, such a contract for a mere equity of redemption, will not make the mortgage debt, which is to remain an incumbrance upon the estate, a debt of the person buying under those circumstances ; for in his hands it is a debt of the estate—a mortgage interest between his representatives."

The case of *Tweddell* v. *Tweddell,* cannot be relied upon as sustaining the doctrine proposed.

In *Waring* v. *Ward,* the liability of the purchaser is placed expressly upon the ground of his taking possession and receiving the profits, and is entirely consistent with his discharge upon yielding up the possession and profits.

In *Drake* v. *Bray,* decided in July term, eighteen hundred and twenty, chancellor Williamson quotes the language of lord Eldon in *Waring* v. *Ward,* and he remarks, if the purchaser purchases nothing more than the pure equity of redemption, and takes the estate subject to the charge of the mortgage, he must be bound in conscience to indemnify the mortgagor against the payment of the debt. By his purchase he becomes a debtor in respect to the bond, and must discharge the incumbrance, or waive the benefit of the purchase.

In *Stevenson and Woodruff* v. *Black, Saxton,* 342, the principle of the case of *Waring* v. *Ward* and *Tweddell* v. *Tweddell* is recognized ; and the chancellor there cannot be supposed to have meant to charge the purchaser beyond the value of the land ; which value, if the purchaser retain the land, will be equal to the whole amount of the incumbrance.

Such seems to have been the view of the court in *Hartshorne* v. *Hartshorne,* 1 *Green's Chan.* 358, where this point was not directly up.

But the case does not rest upon the ground of the defendant being a mere purchaser of an equity of redemption. By the terms of the deed, the mortgage money was to be taken as a part of the consideration ; and hence, the second proposition of the counsel, that under such circumstances equity raises upon

[Tichenor v. Dodd.]

the conscience of the purchaser an obligation to indemnify the mortgagor, is correct.

All the authorities in which the point has been considered, seem clearly so to determine, and it is in accordance with sound justice.

The purchaser agrees to pay a sum of money for the land; but a part of that sum is to be applied to the discharge of the mortgage. Had he paid the whole sum to the mortgagee, he would have had the means with which to pay the mortgage. If he withhold the money till the premises are sold away from him, he has no ground of complaint if the mortgagor asks him to pay the amount remaining due.

It is not necessary to determine the legal effect of the recital in the deed. The admissions of the answer fully show the facts of the case.

The complainant is clearly entitled to be indemnified against the amount due on the mortgage, and to have refunded to him the sum of money he was compelled to pay.

His remedy may possibly be by suit at law, as the counsel for the defendant contends; but it is at least doubtful whether he could sustain an action at law, even if he could prove all the facts admitted by the answer. He is therefore properly before this court, and entitled to the relief sought.

Let there be a reference to ascertain the amount justly paid by the complainant.

Order accordingly.