WILLIAM KLAPWORTH and DORIS his wife *vs.* MARCUS DRESSLER and HERMAN ISE.

Where one purchases land, and assumes in his deed to pay off a bond and mortgage of his grantor, to which such land is subject, he thereby becomes a surety in respect to the mortgage debt.

This obligation of the purchaser to pay the debt enures in equity to the benefit of the mortgagee, and he may enforce it against the purchaser to the extent of the deficiency in a bill to foreclose.

This case came up on final hearing upon the pleadings and a report of a master.

*Keasby,* for complainants.

*Runyon,* for defendants.

THE CHANCELLOR. It appears, by the master's report, that the mortgage in question was given by the defendant, Dressler, on the 11th of August, 1853, for the whole purchase money of the mortgage premises at that time conveyed to him by the complainants. On the 1st of August, 1854, Dressler conveyed the premises to Ise, the other defendant, by a deed of bargain and sale, stating therein that the premises are sold " subject to a mortgage for three hundred dollars, which Herman Ise does hereby

Klapworth *v.* Dressler.

agree and assume to pay, and it is so understood by the parties to these presents." The master further reports that, in his opinion, the said Herman Ise should be decreed to pay the deficiency (if any), with interest and costs, after applying to the payment of the debt the proceeds of the sale of the mortgaged premises, and to be personally liable to the complainant therefor.

1. Is Ise, the purchaser, liable to the complainant for the deficiency?

2. Can the liability be enforced in this form of proceeding?

The premises are not merely conveyed to the plaintiff subject to the mortgage debt. When this is done the grantee takes the premises subject to the encumbrance, but incurs no personal responsibility. But the grant is here made upon the specific condition that the grantee agrees and assumes to pay the debt. By the acceptance of the title, the clause becomes his covenant, and he thereby becomes bound *to the grantor* to pay the mortgage debt, and liable to him for any deficiency which may exist upon a sale of the mortgaged premises. *Finley* v. *Simpson,* 2 *Zab.* 311, and cases there cited.

Does this liability enure in equity to the complainants, and may it be enforced for their benefit? If the complainants, after a sale of the mortgaged premises, should enforce payment of the balance by an action at law against Dressler upon his bond, it is clear that he would have his remedy over against Ise. May the complainants have their remedy in equity directly against Ise when Dressler is insolvent, or no remedy can be had against him personally?

Where a grantee in a deed covenants with the grantor to pay off an encumbrance subsisting upon the premises, if the grantor is personally liable for the payment of the encumbrance, the grantee, by virtue of the agreement, is regarded in equity as the principal debtor, and the grantor as a surety only. And it is also a principle in equity,

·that " a creditor is entitled to the benefit of all collateral obligations for the payment of the debt, which a person standing in the situation of a surety for others has received for his indemnity, and to relieve him or his property from liability for such payment." *Curtis* v. *Tyler*, 9 *Paige* 432; *Halsey* v. *Reed*, 9 *Paige* 446; *King* v. *Whiteley*, 10 *Paige* 465; *Blyer* v. *Monholland*, 2 *Sand. Ch. R.* 478; *Rawson's adm'r* v. *Copland*, 2 *Sand. Ch. R.* 251; *Trotter* v. *Hughes*, 2 *Kernan* 74.

These cases fully establish the principles above stated, and recognise their application to a case like that now before the court. The case of *Blyer* v. *Monholland* is directly in point. Adopting and applying these principles, they control the present case.

Dressler is legally liable to the complainant for the payment of the complainant's mortgage. Ise has covenanted with Dressler to pay the debt, and is eventually liable. It is a part of the price which he was to pay for the premises. Whether the covenant bound him to pay the debt to Dressler, or directly to the complainants, is in equity immaterial. The effect of this arrangement made Dressler in equity the surety of Ise in respect of the mortgage debt to the complainants. The obligation enured in equity to their benefit. This result is perfectly equitable and just, as between all the parties. The debt is justly due and owing to the complainants. Ise is, by the terms of his deed, bound to pay it. It is a part of the price of the land to which he holds the title. Dressler is not in equity liable for the debt. He has no interest in the land. He parted with his interest to Ise, and as a part of the price, received his covenant to pay this debt. In equity the debt is the debt of Ise, and Dressler the mere security. If Dressler should be compelled to pay, he would have recourse over immediately to Ise. If, therefore, Dressler were able and willing to pay the debt, the decree against Ise is in accordance with equity. But the bill charges, and the master

reports, that Dressler is insolvent, and if this relief is denied the complainants the result will be that the complainants, lose their debt, and Ise acquires title to the land without paying the price which he covenanted to pay. I cannot doubt that a decree against Ise, as prayed for in the bill of complaint, is in strict accordance with the principles of equity.

It remains to be considered whether the complainants are entitled to such relief upon a bill to foreclose.

In New York, on a bill filed for the satisfaction of a mortgage, it is the practice to decree payment by the mortgagor, or by any other person who may have become security for the payment of the debt, of the balance of the debt remaining unsatisfied after a sale of the mortgaged premises. This is done, however, by virtue of the express provisions of their statute. 2 *Rev. St.* 191, § 152, 154, (1829).

Independent of statutory provision, the rule of equity is, that a bill to foreclose is in the nature of a proceeding *in rem*, and the party is confined in his remedy to the pledge. The suit is not intended to act *in personam*. *Dunkley* v. *Van Buren*, 3 *Johns. Ch.* 331.

In this case the bill was filed to foreclose a mortgage given to secure the payment of a bond. The bill, in form, was an ordinary foreclosure bill. The complainant applied for a decree directing the mortgagor, in case of a deficiency upon the sale of the mortgaged premises, to pay the remainder of the debt. It was ruled that his proper remedy was at law upon the bond. *Hunt* v. *Dunn*, 6 *Stew. & Por.* 138.

But if the bond be lost, or if there be other special circumstances which, independently of the mortgage, give the court jurisdiction over the demand, a decree against the mortgagor will be made for the balance of the debt remaining unsatisfied by a sale under the mortgage. *Green* v. *Crocket*, 2 *Dev. & Bat. Ch.* 390 ; *Crutchfield* v. *Coke*, 6 *J. J. Marsh.* 89.

F*

In this case the complainant has no remedy whatever at law against Ise. The claim is purely equitable, and must be enforced, if at all, in a court of equity. The bill is framed with a view to this form of remedy, and prays for this specific relief. It charges that Ise is responsible for the debt. He has had a full opportunity of answering. Under these circumstances, there is no reason why he should not be decreed to pay the debt under the bill.