EMMA L. TOFFEY

*v.*

WILLIAM ATCHESON.

1. The first section of the statute of 1880 (*P. L. p. 255*), declaring that no decree for deficiency shall be made in a foreclosure suit, is valid.

2. Notwithstanding the constitutional provision that the legislature shall not pass any law depriving a party of any remedy for enforcing a contract which existed when the contract was made, it is competent for the legislature to change the practice of the courts, and any legislation which merely affects the pursuit of remedies for enforcing contracts is not within the constitutional prohibition.

On demurrer.

*Mr. William P. Douglass*, for demurrant.

*Mr. M. T. Newbold*, for complainant.

VAN FLEET, V. C.

This is a foreclosure suit. The complainant, in addition to the ordinary decree condemning the mortgaged premises to sale, asks that a decree be made adjudging that the defendant is liable for any deficiency which may exist, in case the mortgaged premises shall be sold for a sum less than the amount due on her mortgage.   Her mortgage was made in 1869.   During the same year the mortgagor sold the mortgaged premises to the defendant, and, by the deed by which they were conveyed to him, the defendant assumed the payment of the complainant's mortgage, and thereby, as between the mortgagor and himself, became the

Toffey v. Atcheson.

principal debtor, and as such stood bound to discharge the mort-gage debt in exoneration of the mortgagor. These facts, accord-ing to the former practice of the court, would unquestionably be sufficient to entitle the complainant to the decree she asks. *Klapworth* v. *Dressler, 2 Beas. 62 ; Crowell* v. *Currier, 12 C. E. Gr. 152 ; S. C. on appeal, Id. 650.* But a statute was passed in 1880 which declares that in all proceedings to foreclose mort-gages, commenced after it takes effect, no decree for deficiency shall be made. *P. L. of 1880 p. 255.* If this statute is valid, it is clear that no such decree as the complainant asks can be made. The complainant, however, disputes the validity of this statute, her insistment being that it is void under that provision of our con-stitution which declares that the legislature shall not pass any law impairing the obligation of contracts, or depriving a party of any remedy for enforcing a contract which existed when the contract was made. *Const. art. IV. ¶ 3 § 7.*

This objection is not new. It has been made twice before. First in *Newark Savings Institution* v. *Forman, 6 Stew. Eq. 436,* where the chancellor held that, although the statute prohibits the entry of a decree for deficiency in a suit to foreclose a mortgage on a purely legal liability, as, for example, against the obligor making the bond accompanying the mortgage, or against a guar-antor of the mortgage debt, and thus takes away the complain-ant's equitable remedy, it was nevertheless valid, for it does not deprive the complainant of his legal remedy. The statute leaves that in full vigor, and it was held to be a valid exercise of legis-lative power for the legislature, where both a legal and equitable remedy exists for the same cause of action, to abolish the equita-ble remedy, provided the legal remedy is left in full force, and provided also, that in taking the equitable remedy away the suitor is deprived of no right of recourse, to either person or property, for the collection of his debt which his remedy in equity gives him and his remedy at law does not. And next, in *Allen* v. *Allen, 7 Stew. Eq. 493,* where, on a precisely similar state of facts with that existing in the case under consideration, Vice-Chancellor Dodd held that the statute was valid. The ground on which he put his judgment was that the statute

Toffey v. Atcheson.

simply regulates the remedy, but does not destroy it or take it away. By the uniform course of decision on the question as to how far legislative power is restrained by this provision of the constitution, it has been held that it is entirely competent for the legislature to change the practice of the courts, and that any legislation which merely affects the pursuit of remedies for enforcing existing contracts is not within the prohibition of this provision. *Potts* v. *New Jersey Arms and Ordnance Co.*, 2 *C. E. Gr. 395*; *Rader* v. *Road District*, 7 *Vr. 273*; *Newark Savings Institution* v. *Forman*, *supra*.

All that this statute attempts to do is to prescribe a new rule of practice. By the practice inaugurated by the court in *Klapworth* v. *Dressler*, *supra*, it was made competent for a complainant, in a foreclosure suit, where the grantee of his mortgagor had bound himself to pay the mortgage debt, and thus made himself the principal in respect to such debt, and so liable over to the mortgagor for deficiency in case the mortgaged premises were not sold for a sum sufficient to discharge the mortgage debt, to have the question of such person's liability for deficiency decided in that suit, before it was known whether there would be a deficiency or not, and also before any right of action for deficiency had accrued. This course of practice, while appearing somewhat incongruous, inasmuch as it put it in the power of a complainant to compel a defendant to litigate the question, whether he was liable or not, before the fact on which his liability depended had occurred, was nevertheless highly advantageous to the defendant. It placed him in a position where he could know, before the sale of the mortgaged premises, just what his liability was, and he was thus afforded an opportunity, before the sale of the mortgaged premises, to adopt such measures as might be necessary for his protection. The statute changes this course of practice. It does not take away a mortgagee's right to a decree for deficiency— that remains in full force—but it does declare that hereafter he shall not have a right to a decree adjudging that a defendant is liable for deficiency until a deficiency actually exists; in other words, that he must wait for his remedy until he has suffered a

wrong.    The constitutionality of the statute is, in my judgment, free from the slightest doubt. '

A further objection is made.    The second and third sections of this statute, as amended by an act passed in 1881 (*P. L. p. 184*), have been declared unconstitutional.    *Baldwin* v. *Flagg, 14 Vr. 495 ; Coddington* v. *Bispham, 9 Stew. Eq. 574 ; Morris* v. *Carter, 17 Vr. 260*.    The complainant insists that the sections which have been pronounced unconstitutional are so closely connected with the main object of the section under consideration, and form so essential a part of the general legislative scheme, that if a part of the statute falls the whole must go down. . There is nothing in this objection.    The section under consideration stands wholly independent of the other two.    The two parts of the statute deal with entirely· different subject-matters, and · stand as distinct as they would if they had been the subject of separate statutes passed at different times.    The chancellor passed upon this objection in *Newark Savings Institution* v. *Forman, supra,* and held it to be groundless.

The statute upon which the demürrer in this case is founded having been· held to be valid, the demurrer must be sustained, with costs.