*4 Robbins.*    Cumberland Trust Co., Adm'r,.&c., *v.* Padgett.

---

CUMBERLAND·TRUST COMPANY, administrator, &c., of Elmer Biddle,

*v.*

EBENEZER PADGETT·et al.

[Decided August 22d, 1905.]

1. An executrix sold her testator's real estate and took a purchase-money mortgage in her own name.    Subsequently the purchaser executed a mortgage to a third person to secure a loan under an arrangement whereby the purchase-money mortgage was canceled of record so as to make the subsequent mortgage a first lien.    Thereafter, the purchaser conveyed the land to a grantee, who assumed the mortgage debts.—*Held*, that in a suit praying for a decree that the complainant, as substituted administrator with the will annexed of the testator, has a lien on said land for said purchase-money, and that said lien is a prior one, or that said bond and mortgage be reformed so as to make it payable to the executrix as such, and striking out words recognizing the priority of the later mortgage, or that the canceled mortgage be reinstated and be declared a prior mort-gage, and that the complainant be subrogated to the position of the executrix as mortgagee, the purchaser and the representative of the de-ceased executrix are necessary parties.

2. The act of 1881 prescribing the character of securities to be.taken by executors and trustees when loaning moneys entrusted to them, does not apply ·to a mortgage taken by an executrix to secure a part of the purchase-money on the sale of lands as directed by testator's will.

On bill, answer and proofs.

*Mr. Walter H. Bacon,* for the complainant.

*Mr. Jonathan W. Acton,* for the defendants Boon and Slape.

GREY, V. C.

The complainant in this suit is the administrator with the will annexed of Elmer Biddle, succeeding in 1903 to Susanna A. Biddle, who in her lifetime was the sole executrix of that will. The defendants are Ebenezer Padgett, owner of the equity of redemption in the farm hereinafter mentioned, and Sallie B. Boon and M. Josephine Slape, mortgagees of that farm and, since this suit, purchasers thereof under a foreclosure proceeding.

The will of Elmer Biddle was made in 1883 and proven in 1884. The testator, Elmer Biddle, was at his death seized in fee of a farm in Cumberland county. By his will he ordered that this farm should be sold "to the best advantage and highest bidder, one-third of the purchase-money being secured upon the place by bond and mortgage, with interest payable semi-annually," and said interest he gave to his wife, Susanna, during her life. His will afterwards refers to this money as "secured on the farm for her benefit," and charges it with the payment of her necessary debts and funeral expenses, and after that gives it to his five children.

Susanna, as executrix, sold and conveyed the farm to Edwin C. Biddle for $13,745.68, in 1885, who coincidentally gave his bonds and mortgages on the farm as follows: *First,* to one Howell, for $5,000; *second,* to Susanna herself, individually (so far as the mortgage is expressed), for $3,875, and *third,* to Susanna, as guardian, &c., for $3,100.

This transaction stood unchallenged by anyone until 1891, when Edwin C. Biddle borrowed from the defendants in this suit, Miss Boon and Mrs. Slape, $6,500, by giving to them what it was arranged should be his first bond and mortgage on the farm. This was carried out by canceling all the previous mort-

gages, thus making the Boon and Slape mortgage first. A second bond and mortgage on the farm was made by Edwin C. Biddle to Susanna, as guardian, &c., for $1,550, and a third to Susanna (apparently individually) for $3,875.

In 1895 Edwin C. Biddle conveyed the farm to Ebenezer Padgett for the named consideration of $10,600, the deed containing a provision that Padgett assumed payment of the Boon and Slape mortgage for $6,500 and the Susanna A. Biddle mortgage for $3,875.

In 1902 Miss Boon and Mrs. Slape foreclosed their mortgage, and in 1904 bought in the farm under their foreclosure.

The complainant, as substituted administrator with the will annexed of Elmer Biddle, who died in 1884, files this bill in the interest of his children, or persons claiming under them, who insist that the terms of Elmer's will imposed upon Susanna, as executrix, a duty, when she sold the farm as such, to secure for their benefit one-third of the purchase-money of the farm by first mortgage thereon. The complainant contends that the mortgage of $3,875, made in 1885 by Edwin C. Biddle to Susanna, was intended to be a compliance with this provision, and it insists that the cancellation of that mortgage in 1891 was induced by Miss Boon and Mrs. Slape, under a mistake of fact and with full notice, &c., in order to make their own a first mortgage on the farm.

The complainant prays that in this cause a decree may be made that, as substituted administrator with the will annexed of Elmer Biddle, it has a lien on the farm for one-third of the purchase-money for which it was sold by Susanna, as executrix, &c., and that said lien is paramount and prior to the Boon and Slape mortgage; or that it be decreed that the bond and mortgage to Susanna made in 1891 by Edwin C. Biddle be reformed by inserting the words "executrix, &c., of Elmer Biddle" wherever Susanna's name occurs therein, and by striking out therefrom words which recognize the priority of the Boon and Slape mortgage; or that the canceled mortgage to Susanna made in 1885 be reinstated of record and be declared a prior lien to the Boon and Slape mortgage, and that the complainant be subro-

gated to Susanna's place as mortgagee. A prayer for foreclosure is added, and general prayer for relief, &c.

The defendants Miss Boon and Mrs. Slape, while not denying the recorded steps by deed and mortgage affecting the farm, say they know nothing more about those transactions save that they, in 1891, loaned to Edwin C. Biddle $6,500 (at the invitation of the agent of Susanna A. Biddle) upon first mortgage on the farm, and that they paid Edwin the money, and he used it to discharge the previously existing antecedent mortgages, or part thereof. They deny that as against them the complainant is entitled to any relief, and pray the same advantage as if they had demurred to the bill of complaint.

In this suit the only defendants are Ebenezer Padgett, holder of the equity of redemption, and Miss Boon and Mrs. Slape, holders of their joint mortgage.

No decree can be made to give the complainant what it asks without seriously affecting the equities of other parties, whose right to be heard plainly appears on the face of the bill of complaint.

The complainant asks that it be decreed to be entitled to a first lien on the farm, notwithstanding that its bill of complaint shows that Edwin C. Biddle, owner of the farm, gave to Miss Boon and Mrs. Slape his bond, secured by his mortgage on the farm, which declared that the Boon and Slape mortgage was a first lien. The deed from Susanna A. Biddle to Edwin C. Biddle is not challenged. Only the mortgages given on the farm are criticised.

The complainant seeks to change the order of priority of the lien of those mortgages. Such a change will certainly increase and decrease the value of those mortgages and the bonds which are secured to be paid thereby. Edwin C. Biddle is the obligor in those bonds. He certainly is entitled to be heard before any decree alters his contract, in whole or in part. Yet Edwin C. Biddle is not made a party to this suit.

The same difficulty arises when reformation of Edwin C. Biddle's bond and mortgage to Susanna A. Biddle is asked. If the bond should be reformed as prayed, then Edwin would owe

the sum therein named, not to Susanna A. Biddle's estate, as is the face of the bond, but to Elmer Biddle's estate. Yet neither Edwin C. Biddle nor Susanna A. Biddle's administrator is a party to this bill which seeks to reform their contract. Both have a right to be heard before decree.

The same impediment stands in the way when the bill seeks to reinstate the canceled mortgage of Edwin C. Biddle to Susanna A. Biddle, made in 1885, and to make it prior to the Boon and Slape mortgage, and to subrogate the complainant to Susanna's place therein. Edwin and Susanna's representatives ought both to be parties to any suit in which such a decree is asked.

The defendants Miss Boon and Mrs. Slape by their answer pray the same benefit as if they had demurred to the bill of complaint, and on final hearing are entitled to challenge the case made, which they have done.

These difficulties are not removed by Padgett's covenant in the deed made to him by Edwin C. Biddle that he will pay off the Boon and Slape and Susanna A. Biddle mortgages. Padgett is a party to this suit, but his covenant to pay does not and cannot release Edwin C. Biddle from his legal obligation to pay the money due on his bonds. Padgett's status, arising from his acceptance of Edwin C. Biddle's deed to him containing the covenant that Padgett should pay the mortgage debts, is regarded in equity as that of the principal debtor, with respect to those debts. Edwin C. Biddle's status, in view of his liability as obligor in those mortgage bonds and his being grantor in the deed to Padgett, is deemed in equity to be that of surety for the payment of those debts. *Klapworth* v. *Dressler, 13 N. J. Eq. (2 Beas.) 62.*

Both Edwin C. Biddle and Padgett have a right to be heard in any suit which may substantially change their contractual relations, as this litigation seeks to do. But Edwin C. Biddle is not a party to this suit.

It is not possible, therefore, in the present status of this case, to make any decree in favor of the complainant.

As the cause has been argued on all the points attempted to

23

be presented, it may properly be said that the theory of the complainant, that the will of Elmer Biddle required that a *first mortgage lien* to the amount of one-third of the purchase-money of the executrix sale should be taken by her, is not sustained by the words of the will. That instrument orders that the farm be sold "to the best advantage and highest bidder, one-third of the purchase-money being secured upon the place by bond and mortgage," &c.

There is no express requirement that the mortgage here provided for shall be a first lien on the farm. It may be to the best advantage that the mortgage for the one-third should not be a first lien. The circumstances of this case indicate that it is probable that a higher price could be obtained for the farm by not making the purchase-money mortgage to be a first lien. It may be that the testator anticipated this very situation, and therefore did not require the mortgage for the one-third part of the purchase-money to be a first lien on the farm.

To thrust such a limitation upon the discretionary power to sell "to the best advantage" would, in my view, be an unjust variance of the intent of the will from the plainly expressed purpose of the testator.

Nothing in this case indicates that the defendants Miss Boon and Mrs. Slape did any act which induced the postponement of either of the Susanna A. Biddle mortgages. Application was made to them to loan $6,500 on the farm on first mortgage, and they made that loan on those terms. The detail of the arrangement was cared for and carried out by the attorney for Susanna A. Biddle, the applicant for the loan.

The complainant contends that the statute of 1881 (*P. L. 1881 p. 130*) imposed an obligatory requirement upon Susanna A. Biddle to invest the purchase-money of the farm on bond secured by first mortgage upon real estate estimated to be worth at least twice the amount loaned, &c. This statute has no application to this case. It is intended to protect executors and other trustees when loaning moneys entrusted to them by prescribing in what character of security they may safely invest such moneys.

In this case the mortgage in question was, by the terms of the

will, not to be taken as security for a loan of money, but to secure a part of the price of land sold. The will ordered that the land should be sold "to the best advantage and highest bidder." To secure these characteristics might readily require the purchase-money mortgage to be, not first, but second, because the highest bidder might need to borrow money on first mortgage in order to pay the highest price for the farm.

The complainant's bill should be dismissed, with costs.