Defendants are the owners of two bonds and mortgages, each in the principal sum of $12,500, which were executed and delivered on May 18th, 1925, by complainant to one Herman Meincke, now deceased, under whose will defendants were appointed and qualified as executors. The mortgaged premises consist of two separate parcels of land situated in Jersey City, both of which were conveyed by complainant to one Elsie M. Otto, subsequent, however, to the execution of and subject to the mortgages in question.
Default having been made in the terms and conditions of said mortgages, defendants instituted foreclosure proceedings thereon, and such proceedings were therein had that, on April 19th, 1929, a final decree was entered, adjudging the sum of $13,063.32 to be due upon each of said mortgages, directing a writ of fierifacias to issue for the sale of said mortgaged premises to raise and satisfy the said several sums, with interest and costs, and pursuant to which the sheriff of Hudson county sold each of said parcels of mortgaged lands for the sum of $2,000, leaving a deficiency under each of said bonds of the sum of $11,494.07.
On July 30th, 1929, defendants instituted suit in the New Jersey supreme court against complainant herein upon his *Page 471 
said two bonds to recover said deficiencies. Upon motion, the answer therein interposed by complainant was struck out because the matters therein alleged, and which in substance constitute the basis of the present bill, failed to set up a valid legal defense to that action. Upon the filing of his present bill — which seeks to enjoin the prosecution of the said law action — complainant obtained an order, coupled with an ad interim
restraint, requiring the defendants to show cause why they should not be enjoined and restrained from the further prosecution of the said action at law which they had instituted against him.
Complainant now moves the argument on said order to show cause, and defendants, at the same time, pursuant to their notice of motion duly served, seek an order striking out complainant's bill, for want of equity discharging said order to show cause and vacating the restraint therein contained.
Complainant's claim to and grounds for equitable relief, as stated in his bill, is predicated upon the fact that on July 19th, 1927, Herman Meincke, then being the owner of the bonds and mortgages in controversy, without complainant's knowledge or consent, entered into a valid written agreement with complainant's grantee, whereby he extended the time for payment of both of said mortgage debts until January 1st, 1931, and by reason of which fact complainant contends he was released and discharged from all liability on both of his said bonds.
The law is now long and well-settled in this state that the purchaser of lands subject to mortgage, who assumes and agrees to pay the mortgage debt, becomes — as between himself and his grantor, if the latter himself be personally liable for said mortgage debt — by virtue of his said agreement, the principal debtor, and the liability of his grantor, as between them, is that of surety only. Such has been the pronouncement of our courts from a very early date; repeatedly followed and approved by a long and unbroken line of well-considered adjudications, amongst which are: Klapworth v. Dressler, 13 N.J. Eq. 62;Jarman v. Wiswall, 24 N.J. Eq. *Page 472 267; Stiger v. Mahone, Ibid. 426; Pruden v. Williams,26 N.J. Eq. 210; Huyler's Executors v. Atwood, Ibid. 504; Crowell
v. Currier, 27 N.J. Eq. 152; Crowell v. Hospital of SaintBarnabas, Ibid. 650; Toffey v. Atcheson, 42 N.J. Eq. 182;DeGrauw v. Mechan, 48 N.J. Eq. 219; Forman v. Manley, 52 N.J. Eq. 712; Green v. Stone, 54 N.J. Eq. 387; Chambers v.Kunzman, 59 N.J. Eq. 433; Eakin v. Shultz, 61 N.J. Eq. 156;Cumberland Trust Company, Administrator, v. Padgett, 70 N.J. Eq. 349.
Hence, it follows, as a natural legal sequence, that all of the rules and principles applicable to the ordinary relationship of principal and surety should govern and control the respective rights and liabilities of a vendor and purchaser of lands under such circumstances. Of these, none is more firmly established by our courts and those of other states than this — that the effect of an agreement made between the principal and the creditor, whereby the latter, for a valuable consideration, and without the consent of the surety, extends the time for payment of the debt, is to discharge the surety. Bell ads. Martin, 18 N.J. Law 167;Solomon ads. Gregory, 19 N.J. Law 112; Manning v. Shotwell,5 N.J. Law [*]584; Paulin v. Kaighn, 27 N.J. Law 503; Thompson
v. Bowne, 39 N.J. Law 2.
Proceeding upon the foregoing principles, our courts and the great weight of authority hold that if the mortgagee, with notice or knowledge of the conveyance and assumption by the grantee of the mortgage debt, extends the time of payment of the mortgage by a valid agreement between him and the grantee, such extension agreement, ipso facto, operates to discharge the original mortgagor, unless same has been assented to by the latter.Firemen's Insurance Co. v. Wilkinson, 35 N.J. Eq. 160; Grier
v. Flitcraft, 57 N.J. Eq. 556; Welch v. Hubschmitt Buildingand Woodworking Co., 61 N.J. Law 57; Grover v. Hoppoch,26 N.J. Law 191; Union Mutual Life Insurance Co. v. Hanford,143 U.S. 187; 36 L.Ed. 118; Franklin Savings Bank v. Cochrane,182 Mass. 586; 68 N.E. Rep. 200; Codman v. Deland, 231 Mass. 344; *Page 473 121 N.E. Rep. 14; Calvo v. Davies, 73 N.Y. 211; Metzger v.Nova Realty Co., 214 N.Y. 26; 107 N.E. Rep. 1027.
The dictates of plain ordinary common sense, of fair and honest dealing and the recognition of those legal and equitable rights which parties to a contract have to its performance in the manner and within the time therein agreed upon, all favor and fully support the foregoing statutory doctrine. And, as was aptly stated by Chief Justice Beasley in Firemen's Insurance Co. v.Wilkinson, supra, on page 175, "the surety has a vested interest in the contract between the primary debtor and the creditor, to the performance of which he has bound himself, and that contract cannot be altered without his consent, so as to affect his equitable or legal position, and if such modification be effected, the consequence is exoneration of the surety from all liability."
But, this right of the surety in equity to have his status respected does not pertain to, nor arise from, his contract, as an implied incident, but, on the contrary, it is a mere equity for the protection of which a court of equity will intervene, in a proper case, not by way of enforcing his contract, but merely for the purpose of preventing that which to it seems an unconscionable act or course of conduct and against which he is without legal protection, remedy or relief. Anthony v. Fritts,45 N.J. Law 1.
However, complainant's case, as set out in his bill, as amended, does not come within the requirements of these equitable principles, nor is it entitled to the benefits thereof. Nowhere does it appear in the amended bill that complainant's grantee assumed or agreed to pay the mortgages on the properties in question, subject to which they were sold to her by complainant. Nor does it contain a single allegation that said properties were sold by complainant at a certain or fixed price, from or out of which the grantee deducted or retained a sum equal to the amount of the said mortgage debts, subject to which the properties were sold. Thus, complainant cannot hope to sustain or maintain his case, as made by his amended bill, upon the equitable doctrine, long recognized *Page 474 
by and now well established in this court, that where a purchaser of mortgaged premises has deducted or retained out of the purchase price, as fixed or agreed upon, the amount of the mortgage debt, equity will there raise or impose upon his conscience an obligation to indemnify his grantor, if the latter himself be personally liable for the payment of the mortgage debt, and this although the premises were conveyed subject to the mortgage. Tichenor v. Dodd, 4 N.J. Eq. 454; Heid v.Vreeland, 30 N.J. Eq. 591; Friedman v. Zuckerman, 104 N.J. Eq. 322; Thayer v. Torrey, 37 N.J. Law 339.
The amended bill alleges, and a copy of the deed thereto annexed clearly discloses, that the properties were sold subject to the mortgages in question. Obviously, it fails to embody a single allegation that even a single penny was retained by complainant's grantee out of the purchase price. It fails to state what the purchase price of the properties was, or whether any price had ever been fixed or agreed upon. It merely states that complainant was to receive the sum of $6,000 from his grantee, and in return for which, the latter was to receive a deed for the properties, subject to the mortgages in question, and that said moneys were paid and such a deed was delivered. From these facts I can arrive at but one conclusion, namely, that all that complainant conveyed and his grantee acquired were the mere equities of redemption in each of these properties, over and above the mortgages in question, subject to which they were sold.
I am satisfied that the case, as thus made out by complainant's amended bill, rather falls within and is controlled by the principles laid down in the cases of Stevenson Woodruff v.Black, 1 N.J. Eq. 338; Hartshorne v. Hartshorne, 2 N.J. Eq. 349; Tichenor v. Dodd, supra; Adams v. Hudson County Bank,10 N.J. Eq. 535 and Crowell v. Hospital of Saint Barnabas,supra, all of which hold that the purchaser of an equity of redemption does not become personally liable for the payment of the encumbrances on the property, since there is in such a purchase no contract, express or implied, that the purchaser assumes the payment of the encumbrances *Page 475 
as a personal liability. And, as was stated by Chancellor Dickinson in Tichenor v. Dodd, supra, "the purchaser of a mere equity of redemption purchases a right and does not assume an obligation to redeem."
The view of our courts, to be gathered from the adjudicated cases of Klapworth v. Dressler, supra; Hoy v. Bramhall,19 N.J. Eq. 563; Youngs v. Trustees, c., of Public Schools,31 N.J. Eq. 290, is that, as between the grantor and grantee of an equity of redemption, the property becomes the primary fund for the payment of the mortgage debt, and the grantor, if personally liable, is, while the property is held by his grantee, considered, in equity, as surety, but only to the extent of the value of said property. This limitation upon the extent of such a grantor's suretyship is but the natural result of those principles repeatedly enunciated by this court that the liability of a grantee of a mere equity of redemption is limited to, and does not extend beyond, the value of the property so acquired, and which he may at his pleasure, give up in satisfaction of the encumbrances thereon, thereby completely discharging himself.Waring v. Ward, 7 Ves. 332; Cumberland v. Coddington, 3Johns. Ch. 229, 261; Stevenson Woodruff v. Black, supra;Hartshorne v. Hartshorne, supra; Tichenor v. Dodd, supra.
Hence, assuming, but without here deciding, that complainant, by reason of the existence of the extension agreement in question, was exonerated from his suretyship, nevertheless, such exoneration could not go beyond the extent of the value of the properties in question, which, as above indicated, constituted the primary fund for the payment of these mortgage debts. As to the difference, if any, between the mortgage debt and the value of said properties, his obligation or liability was primary, as principal, and remained and continued so to be, the extension agreement notwithstanding.
The only evidence as to the value of said properties is that as fixed by the foreclosure sale, which the amended bill alleges to have been $2,000 each, and which, in the absence of any proof or allegations in the bill to the contrary, I am constrained *Page 476 
to assume to have been their respective values. To this extent and in this amount only is complainant entitled to be relieved of his liability upon each of his bonds. Inasmuch as defendants have already deducted from the total sum due under each of said bonds the sum of $2,000, representing the value of the property, and their pending action at law is to recover from complainant merely the difference, he has no legal or equitable grounds for complaint.
I do not here decide, nor is it to be understood from anything that I have heretofore said, that a mortgagor, so situated and circumstanced as is complainant, is entitled to be exonerated only to the extent of the price which the mortgaged premises bring at the foreclosure sale. On the contrary, the true rule is that such a mortgagor is entitled to exoneration to the extent of the value of the property at the time originally fixed for payment by the mortgage. And in those cases where it is shown that the value of the property had depreciated between that date and the time of the foreclosure, I am of the opinion that such mortgagor would be entitled to a credit for the amount of such depreciation, in addition to the price realized on foreclosure, by way of exoneration on his bond.
But complainant's amended bill cannot be sustained under or upon even the principles last above referred to. It is devoid of even a single allegation that the properties, or either of them, depreciated in value between the original due dates of the mortgages and the time of the commencement of the foreclosure proceedings. In such a situation this court will not assume that the property had depreciated in value after the original due date of the mortgage, the legal presumption being to the contrary. For the reasons indicated, I am fully satisfied that complainant's bill, as amended, lacks equity, fails to disclose a legal or equitable cause of action, and, therefore, should be struck out, and that the order to show cause should be discharged and the adinterim restraint therein imposed vacated, and such will be the order. *Page 477