The defendant Leon Stanley executed a bond to Marie R. Hayden, dated June 26th, 1924, in the principal sum of $2,500, payable two years from that date, which bond was secured by a mortgage made by said Leon Stanley and Ruth D. Stanley, his wife, covering premises in the borough of Westville, Gloucester county, New Jersey.
The bond and mortgage were assigned by Marie R. Hayden *Page 122 
to Edward W. Delacroix by assignment dated June 26th, 1924. Edward W. Delacroix died and the complainant Anna Harry Delacroix and Camden Safe Deposit and Trust Company became executors under his will, and by an assignment from these executors to Sadie E. Allen and another from Sadie E. Allen to complainant Anna Harry Delacroix, both dated August 6th, 1928, the complainant became owner of this bond and mortgage.
The mortgagor, Leon Stanley, on September 27th, 1924, conveyed the mortgaged premises to Edward G. Hohlfeld, under and subject to this mortgage, which mortgage was assumed in said deed by Hohlfeld and agreed to be paid as part of the consideration. Hohlfeld by deed dated June 11th, 1925, conveyed these mortgaged premises to Delsea Realty Company, a corporation, under and subject to this mortgage, which mortgage said corporation in said deed assumed and agreed to pay as part of the consideration.
The defendant Stanley was joined as a party defendant and is a proper party if complainant desires to pursue an action against him on his bond after the mortgage is foreclosed. P.L. 1932 p.509. This defendant filed an answer and counter-claim reciting the conveyances mentioned by the complainant and alleging that the complainant had notice of the assumption of the mortgage debt by these two successive grantees and that the maturity date of the mortgage was extended and that the mortgaged premises had depreciated in value; the counter-claim seeks to restrain the complainant from prosecuting or taking any action at law against him upon his bond for any deficiency which might arise at the sale of the mortgaged premises.
After the defendant Delsea Realty Company became the owner of the mortgaged premises, an application was made by John J. Folz, vice-president of the Delsea Realty Company, to Horace F. Nixon, who represented the complainant at that time, to extend the time of payment of this mortgage, and by an agreement dated December 19th, 1927, executed by complainant as executrix of Edward W. Delacroix, and Delsea Realty Company, the time of payment of the *Page 123 
principal of this mortgage was extended to become due December 26th, 1930.
It was contended by the complainant that this agreement is ineffective for lack of consideration and also for the reason that Delsea Realty Company failed to execute a collateral bond. Mr. Nixon was paid $47.50, of which $37.50 was an extension fee for the period of three years, and $10 for his legal services and preparing the necessary papers. Apparently the $37.50 was consideration for the extension in connection with the other conditions to be complied with as set forth in the agreement. It is a fact that the collateral bond was not executed, but this appeared to be brought about because of Mr. Nixon's request for an additional fee for drawing the bond which the Delsea Realty Company did not feel called upon to pay. Mr. Nixon would not deliver the agreement to the defendant Delsea Realty Company but he did retain the extension fee and the extension agreement was carried out, and so far as the complainant is concerned it must have been understood by her that the agreement was in effect because on April 20th, 1928, Mr. Nixon wrote the complainant as follows:
"Enclosed find your copy of agreement extending the time of payment of $2,500 principal of mortgage on premises in the northwest line of Stanley avenue, 190 feet northeast of Almonesson avenue, Westville, N.J., to December 26th, 1930, which you will no doubt wish to keep with the other papers in this matter."
Mr. Nixon represented her and she believed that the mortgage was extended. I must conclude that there was an actual and effective extension agreement.
The question arises as to whether or not the complainant had knowledge of the assumption of this mortgage by the defendants Hohlfeld and Delsea Realty Company. The assumption agreement was contained in both of the deeds which were recorded. Mr. Nixon, the complainant's attorney and agent, had knowledge also of the assumption of this mortgage by defendant Delsea Realty Company because in the form of collateral agreement which he drew, it was recited: *Page 124 
"* * * and the said Delsea Realty Company has purchased the premises described in said mortgage and assumed the payment of the said bond and mortgage, and agrees to pay the same as a part of the consideration for the said purchase."
The recitals in the deeds which were recorded, together with the knowledge of Mr. Nixon, the agent of the complainant, in connection with the receipt by her of the extension agreement, is, I think, sufficient knowledge on her part of these transactions.
The defendant Stanley, so far as the evidence discloses, did not assent to or have knowledge of this extension when it was made; and but for the extension the mortgage would no doubt have been paid off on December 26th, 1927. It appears that in response to a letter written to the defendant Delsea Realty Company by Camden Safe Deposit and Trust Company, one of the executors of Edward W. Delacroix, the Delsea Realty Company replied as follows:
"We have your favor of the 12th, informing us that it is necessary for you to call the mortgage on our property at 137 Stanley avenue, Westville, N.J.
On June 26th we paid the semi-annual interest to Horace F. Nixon, and same will be due again on December 26th, at which time we will arrange to pay off the mortgage in full, provided this will be satisfactory to yourselves, if not please advise."
Under the facts as we have them, the status of the defendant Leon Stanley changed from a mortgagor obligor to a surety and our courts and the great weight of authority hold that if the mortgagee with notice or knowledge of the conveyance and assumption by the grantee of the mortgage debt, extends the time of payment of the mortgage by a valid agreement between him and the grantee, such extension agreement ipso facto operates to discharge the original mortgagor, unless same has been assented to by the latter. This principle was set forth by Vice-Chancellor Lewis in Reeves v. Cordes, 108 N.J. Eq. 469, citing numerous cases to sustain it.
By the uncontradicted testimony of Mr. Cramer, a real estate expert who was called by the defendant, it is shown that the reasonable value of the mortgaged premises was *Page 125 
$4,645.86 at the time the mortgage became due and when the extension agreement was executed, and that at the time of these foreclosure proceedings the value was $2,006.04, a difference of $2,639.82, which depreciation is in excess of the mortgage debt.
In those cases where it is shown the value of property had depreciated between the date originally fixed for the payment of the mortgage and the time of foreclosure, the mortgagor will be entitled to a credit for the amount of such depreciation in addition to the price realized by foreclosure by way of exoneration on his bond. Reeves v. Cordes, supra.
The complainant raised the question that there was a ratification of the extension agreement by the defendant Stanley, but I have concluded that such evidence as was produced in that connection shows no ratification by him.
The defendant Stanley will be exonerated on his bond.
The amount due the complainant on her mortgage is $2,500 with interest from June 26th, 1931, for which she is entitled to a decree to be made by the sale of the mortgaged premises.
The defendant Leon Stanley is entitled to a decree restraining and enjoining the complainant from prosecuting any action at law against him upon the bond accompanying the said mortgage for any deficiency which may arise at the sale of the mortgaged premises. *Page 126