OLIVER H. P. EMLEY and others

*v.*

EZEKIEL MOUNT and others.

A mortgage of $979 was given to commissioners in partition, on about fifty-three acres of land. Their vendee sold off, in separate tracts, all of the premises, except about ten acres, subject, however, to the mortgage. He then sold the ten-acre tract, and an adjoining tract of eighteen acres, to one Stout, for $3,500, with an assumption of the $979 mortgage. Stout afterwards gave a mortgage on both lots, and then sold them. On foreclosure of the $979 mortgage against the fifty-three acres,—*Held*,

(1) That Stout's assumption of the $979 mortgage was only personal, and does not bind the eighteen acres in the hands of his mortgagee or grantee.

(2) That a mortgagee's right to proceed in equity against one who has assumed to pay his mortgage, does not embrace a claim to the purchase-money on a sale of the mortgaged premises, or to the vendor's lien to secure it.

(3) That a defendant cannot set up such claim by answer; a crossbill is necessary.

Bill to foreclose. On final hearing, on pleadings and proofs.

*Mr. M. R. Sooy,* for complainant.

*Mr. C. E. Hendrickson,* for Durell, Woodward and Mount.

*Mr. F. Voorhees,* for Mrs. Stevenson.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage given to the complainants, Oliver H. P. Emley, Abraham T. Curtis and Joseph M. Reeves, commissioners to divide the real estate of Joseph Hopkins, deceased, by Nehemiah Lamb, March 31st, 1854, on a tract of land of about fifty-three acres, in Burlington county. Subsequently, in 1855, Lamb conveyed the property to Ezekiel Mount, subject to the mortgage, and Mount afterwards conveyed all the land, except a tract of about ten acres, in various parcels, to different persons, at different times, subject to the mortgage. After making those conveyances, he conveyed the lot of about ten acres, with another lot adjoining it of about eighteen acres, to George Stout, by deed dated February 15th, 1867. The consideration of that deed is therein declared to be "$3,500, with the assumption of a mortgage of about $979, held by Joseph M. Reeves, commissioner in trust for the heirs of Joseph Hopkins, deceased."

The mortgage referred to was the complainants' mortgage. On March 25th, 1867, Stout gave a mortgage for $1,500 and interest, on that property (both lots), to John B. Ellis, by whom it was assigned to Hannah Stevenson, one of the answering defendants, by whom it is now held.

The only question discussed on the hearing was, whether the property conveyed by Mount to Stout, as well the tract of about eighteen acres as that of about ten acres, is, in equity, primarily liable to be sold to pay the complainants' mortgage, in exoneration of the property previously conveyed

by Mount subject to the mortgage. The owners of the last-mentioned property claim that a vendor's lien exists in favor of Mount on all of that property conveyed to Stout, for the amount of that mortgage, to the benefit of which they are entitled, in exoneration of their land, and that the complainants should be compelled, in equity, to have recourse to it accordingly.

The bill is filed to foreclose the mortgage on the tract of fifty-three acres covered by it, and it prays no other relief.

The claim to the benefit of the vendor's lien is set up by an answer filed by Edward H. Durell and Lorenzo D. Woodward, and their wives, and Mount. Durell, Woodward and Mount are owners of parts of the mortgaged premises which were conveyed previously to the conveyance to Stout. The Stout property was conveyed by Stout to William Price, in 1871, and Price conveyed it to Esaias L. Harris, in 1872, and he conveyed it, in 1878, to Anna K. Lamb, by whom it is now owned.

That Durell, Woodward and Mount cannot obtain the relief which they seek by their answer, is entirely clear. What they ask is, that the complainants shall be required to enforce a vendor's lien against the Stout property in the hands of the present owners, and as against the mortgage given by Stout. The assumption by Stout did not bind the land not covered by the complainants' mortgage. It did bind him personally. While a mortgagee has a right to proceed in equity against one who has assumed to pay his mortgage to indemnify another who is himself liable to pay it, he has obviously no right, merely as mortgagee, to the purchase-money on a sale of the mortgaged premises by the mortgagor or owner, or to the lien to secure it. Nor would the court compel the complainants to have recourse to the assumption. And, if it would, the pleadings in this case are not sufficient for the purpose. A cross-bill would be necessary.

There will be a decree in accordance with the views above expressed.