The bill alleges that on the 10th day of October, 1925, the complainant agreed to sell certain premises in Cape May county, New Jersey, and the defendant Charles P. Esibill agreed to buy the same, the consideration to be $92,000, the first payment to be $3,000, which was paid. The balance of the purchase price was to be paid by Esibill *Page 442 
assuming a first mortgage of $30,000, a second mortgage of $10,000 and a third mortgage of $20,000, and by giving a fourth mortgage to the seller in the sum of $20,000 and a payment of $9,000 on August 15th.
It was therein agreed that the agreement should extend to and be binding upon the heirs, executors, administrators, successors and assigns of the parties thereto, the contract to include all fixtures and appurtenances permanently attached to the building or buildings on the lands therein described.
Later, a corporation known as the Millville Security Investment Company was incorporated and Esibill nominated the Millville Security Investment Company as trustee for Harry Powell, George A. Nitshe, Charles P. Esibill, George Esibill, Arthur Carmen, Frank Sager, Fred Brandriff, Harvey DeHart, Otis M. Townsend, Howard Esibill, Norman Esibill, Walter Scoble and Wilbut Bivens, and the complainant conveyed said premises to the said corporation as trustee.
The said deed was for the express consideration of one dollar, but it was recited therein that it was made under and subject to an existing mortgage in the sum of $30,000 given by the Fidelity Realty Company to Sarah E. Henry, and under and subject to an existing mortgage in the sum of $10,000 given by the Fidelity Realty Company to Sarah E. Henry, and under and subject to an existing mortgage in the sum of $20,000 given by Otto W. Greenberg to Fidelity Realty Company; and the Millville Security and Investment Company as trustee for said named parties, executed a bond and mortgage to the complainant to secure the payment of the sum of $18,037.58.
A bill was filed to foreclose the first mortgage of $30,000 and all necessary parties were apparently made defendants. The proceedings had resulted in a final decree and fieri facias
issued, and at a sale by the sheriff of the county of Cape May, the premises were sold by him to Charles P. Esibill, Roy C. Oliver, Harry Powell and George A. Nitshe. All of these parties except Roy C. Oliver (properly named as J. Roy Oliver) werecestuis que trustent or beneficiaries under the deed to the Millville Security Investment Company as trustee. *Page 443 
The amount secured at the sheriff's sale did not create a surplus above the amount due on the first mortgage, and nothing has been paid on account of complainant's mortgage, upon which there is claimed to be due $18,037.58, with interest from October 6th, 1925.
This is not a proceeding where the complainant is demanding the defendant to indemnify him, the grantor, against a mortgage debt which he alleges they assumed, but it is an effort to secure a lien upon the land clear of the encumbrance of certain mortgages for the amount of the purchase-money mortgage accepted by the complainant as a part of the consideration money for his grant.
 Crowell v. Currier, in the court of chancery, 27 N.J. Eq. 152;
unanimously affirmed, same report, page 650, held:
"The grantee's assumption and promise are so completely for the benefit of the mortgagee that the grantor can maintain no action thereon merely because the grantee has failed to perform his undertaking; it is only where the grantor has himself paid the mortgage that he becomes subrogated to the rights of the mortgagee, and is entitled to enforce it against the grantee."Pom. Eq. Jur. § 1207; Emley v. Mount, 32 N.J. Eq. 470.
The prayer is that it be decreed that complainant is entitled to an equitable lien upon the premises described in the bill for the sum named, to wit, $18,037.58, with interest from said date, or that they execute and deliver a mortgage on the premises for said amount, payable at such time and under certain conditions as may be equitable and just, and that complainant may have such other and further relief as may be agreeable to equity.
While the chancellor stated that the Chancery act (P.L. 1915p. 184, rule 47 annexed, now chancery rule 60), provides that relief other than that prayed for may be given (without a prayer for general relief) to the same extent as if other and general relief has been prayed, the complainant made no attempt during the trial or in his brief to suggest any other relief than the specific relief prayed for, and in his brief says that had a third party and an innocent purchaser become *Page 444 
the purchaser, complainant would have been remediless so far as equity is concerned.
Oliver was in no way a party to the original agreement and so far as he was concerned, was not put upon notice. It is unnecessary, in the view I take, to determine whether the assumption clause which was in the agreement had any validity after the delivery and existence of the deed, which had no assumption clause.
The agreement for the sale between Greenberg and Esibill provided for the payment of a part of the purchase-money by assuming three certain mortgages. The conveyances were made in the deed from Greenberg to the investment company after describing the premises, under and subject to three existing mortgages. There is no clause of assumption, although the complainant insists throughout that the deed assumed the mortgages. Oliver was not put upon notice as to the agreement. He was as to the deed, but he was not a purchaser who agreed to pay a sum of money for the land, but he is in no way a party thereto and certainly the relief prayed for must be refused in so far as he is concerned.
The prayer for relief is, second, that it be decreed that complainant is entitled to an equitable lien upon the premises described in the bill for the sum named, to wit, $18,037.58, with interest from said date, or that they execute and deliver a mortgage on the premises for said amount, payable at such time and under certain conditions as may be equitable and just. This relief the court is unable to grant. Oliver's interest in said premises being a tenant in common, is not subject to this lien. The bill must be dismissed at least so far as Oliver is concerned. Tichenor v. Dodd, 4 N.J. Eq. 454, held: "By the terms of the deed, the mortgage money was to be taken as a part of the consideration; and hence, the second proposition of counsel, that under such circumstances equity raises upon the conscience of the purchaser an obligation to indemnify the mortgagor, is correct, and * * * is in accordance with sound justice. The purchaser agrees to pay a sum of money for the land; but a part of that sum is to be applied to the discharge of the mortgage. Had he paid the whole sum to the mortgagee, he would have had *Page 445 
the means with which to pay the mortgage. If he withhold the money until the premises are sold away from him, he has no ground of complaint if the mortgagor asks him to pay the amount remaining due."
In the present case there is no attempt on the part of the mortgagee to have the prior mortgages paid. His attempt is to have a mortgage which he took as a part of his purchase-money declared a lien free and clear of those mortgages to which the premises were subject at the time of the conveyance. Without deciding whether this can or cannot be done if the prayer and proof were sufficient in the present condition of the pleading, I am, as above stated, compelled to decline the specific relief prayed for and will advise a decree dismissing the bill.