"This is a motion to strike the complaint on the ground that it fails to set forth a cause of action.
"Plaintiff says that her `complaint is founded upon a certain agreement,' dated February 5th, 1930, and annexed to the complaint. The agreement to which plaintiff refers is an instrument commonly called an extension agreement in which plaintiff is named as the party of the first part, defendant, as party of the second part and one Betchen, party of the third part.
"Betchen was the obligor and mortgagor named in a certain bond and mortgage and plaintiff was the obligee and mortgagee. Betchen had defaulted and foreclosure proceedings had been instituted by plaintiff. Defendant, in order to protect a subsequent encumbrance, bought from Betchen the fee in the mortgaged premises and in order to secure a discontinuance of the foreclosure proceedings, negotiated to that end with plaintiff with the ultimate result that the extension agreement was executed under the terms of which defendant made certain payments to plaintiff on account of principal, costs, c., in consideration of which payment the foreclosure proceedings were, in fact, discontinued. In this extension agreement defendant agreed, inter alia, `to perform the stipulations, covenants and agreements in the said bond and mortgage as modified by said agreement.' (Extension agreement.) These modifications are of no importance in this matter.
"The `stipulations, covenants and agreements' in the bond which defendant undertook to perform were, inter alia, the payment of taxes to be thereafter assessed against the mortgaged premises. Defendant did not pay these after-assessed taxes in accordance with the terms of the bond and mortgage and plaintiff foreclosed against defendant with the result of a sale and a deficiency. Plaintiff now sues to recover the amount of these unpaid after-assessed taxes.
"It will be observed that this is not a suit on the bond for the deficiency, but as alleged by plaintiff, `on defendant's covenant,' as set forth in the extension agreement `taken in conjunction with the bond and mortgage.' The construction plaintiff places `on defendant's covenant' is stated as follows: *Page 208 
`The sum total of this covenant is that defendant would pay the taxes assessed against the premises.' The damages claimed by plaintiff `are those which plaintiff sustained by reason of the impairment of the value of the mortgaged premises by the failure of the defendant to pay the taxes for the years 1931 and 1932.'
"The second count of the complaint seeks to recover the amount of these unpaid taxes on the theory, not of diminution of the value of the mortgaged premises, but on the theory that defendant covenanted to pay them by the terms of the extension agreement and failed to so do with result that plaintiff was compelled to pay them.
"Taking up the first count, under which plaintiff seeks a recovery of the amount of the unpaid taxes because their non-payment lessened the value of the mortgaged premises to that extent.
"Defendant is not liable unless the extension agreement creates a liability and nowhere in that agreement does the defendant assume the payment of the mortgage debt nor agree to be liable `beyond the value of the mortgaged premises.' The intention of the parties clearly appears from the following recital in the agreement:
"`Whereas, it is not the intention of this agreement of extension that the party of the second part (def't), shall become liable to the party of the first part beyond the value of themortgaged premises and it is the intention of this agreement to preserve and protect the liability of the party of the third part (Betchen), upon his bond secured by the mortgage over and above the value of the mortgaged premises.'
"Of course, when the parties used the expression `value of the mortgaged premises' they gave to it the significance and meaning given by our courts in cases where such language had been the subject of discussion, to wit, the equity of redemption in the mortgaged premises.
"The case of Tichenor v. Dodd, 4 N.J. Eq. 454, clearly expresses this as the proper construction to be placed on the language used by the parties: *Page 209 
"`If the counsel means to insist that the purchaser is bound beyond the extent of the value of the premises, this proposition is too broad to be mentioned. The purchaser of the mere equity of redemption, purchases a right and does not assume the obligation to redeem. He may at his pleasure give up the mortgaged premises in satisfaction of the encumbrance. If he would retain and enjoy the premises, then he must pay off the encumbrance, and unite the legal title with his equitable interest. He may, therefore, safely be said to be liable to the extent of the value of the premises, and not beyond it.'
"It would seem to me to be quite clear that the parties to the extension agreement never expected defendant to be bound beyond its liability to lose the equity of redemption in the mortgaged premises. Plaintiff, in view of that situation, expressly provided, `and it is the intention of this agreement to preserve and protect the liability of the party of the third part (Betchen) to the party of the first part (plaintiff) upon his bond secured by the mrotgage over and above the value of themortgaged premises.'
"Under the second count, a recovery may not be had unless the following language in the extension agreement permits it: `That the party of the second part' (defendant), will perform the stipulations, covenants and agreements in the said bond and mortgage' * * *. `And upon the breach thereof or hereof, the principal sum aforesaid shall become due and payable at once' * * * `and the party of the first part may proceed thereon and hereon as she may be advised.'
"As has been hereinbefore decided, the agreement did not bind defendant beyond the value of the mortgaged premises, to wit, equity of redemption.
"It seems quite evidence that the intention of the extension agreement was that defendant agreed to pay the taxes in accordance with the provisions of the bond and mortgage and upon its failure so to do was to suffer the penalty therein provided, and that penalty was that plaintiff might pay the taxes and apply the amount thereof to the increase of the amount of principal or she might foreclose so that defendant *Page 210 
would lose its equity of redemption whereupon Betchen would be liable to a deficiency judgment on his bond.
"Plaintiff fails to cite any case at law where such a suit as this has ever been maintained but she does cite cases in equity which do not sustain the present action.
"The complaint will be stricken."
The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Judge Sooy in the Circuit Court.
For affirmance — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.
For reversal — None. *Page 211