HENRY C. PITNEY, JOHN R. EMERY, FREDERIC W.
STEVENS, MARTIN P. GREY, EUGENE STEVENSON,
JAMES J. BERGEN AND LINDLEY M.
GARRISON, VICE-CHANCELLORS.

WILLIAM BETTLE, commissioner of banking and insurance of
New Jersey,

*v.*

THE REPUBLIC SAVINGS AND LOAN ASSOCIATION.

[Filed October 25th, 1904.]

1. Upon the decreed insolvency of a building and loan association the
receiver becomes entitled to enforce the rights acquired by such asso-
ciation by a deed made to it by a borrowing member for a loan, accom-
panied by defeasance stipulating for a reconveyance, upon the performance

(1)

of the borrower's agreements and the maturity of the shares of such member, according to the scheme of the association. The borrowing member may redeem his lands and procure a reconveyance thereof upon payment of such amount as may be determined by the contract between them and the equities arising out of the abortive scheme to be due.

2. Where such a conveyance was made subject to a prior mortgage, which is assumed by the association, redemption will not be permitted unless the liability of the fund in the receiver's hands is wholly discharged, either by the payment of the prior mortgage or by a complete release from the holder thereof.

3. In determining the amount to be paid for redemption, premiums actually paid by the borrower are to be credited to him, upon the authority of *Weir* v. *Granite State Provident Association, 56 N. J. Eq. (11 Dick.) 234.*

On petition of the Atlantic City Turn Verein.

*Mr. John J. Crandall,* for the petitioner.

*Mr. Foster M. Voorhees,* receiver, *pro se.*

MAGIE, CHANCELLOR.

By a decree in the above-mentioned cause, dated September 19th, 1902, the Republic Savings and Loan Association was decreed to be insolvent, and Foster M. Voorhees was appointed receiver.

By an order in the cause, made December 22d, 1903, petitioner was granted leave to file a petition to be permitted to redeem certain lands which it had conveyed to the insolvent corporation, and to have a reconveyance thereof to it by the receiver under the order of this court, and such a petition was filed.

An answer to the petition was filed by the receiver on January 19th, 1904, and the matter was brought to hearing on May 19th, 1904, upon the petition and answer, no facts being disputed.

The only contest made was as to the amount which, upon the facts, ought to be paid to the receiver before the reconveyance should be directed.

The material facts are these: On August 15th, 1895, the petitioner became the owner of seventy-nine shares of the long-term capital stock of the insolvent corporation, which will here-

after be called the association. On August 19th, 1895, petitioner applied to the association for a loan of money. Petitioner was then the owner of lands in Atlantic City which had been conveyed to it on May 9th, 1895, and on which it had given a mortgage for $3,000, bearing six per cent. interest.

The application contained the following:

> "Cash to be advanced by the association......... $4,000 00
> Mortgage to remain on the property........... 3,000 00
> Gross premium paid for advance.............. 840 00
>
> Total indebtedness to association............ $7,840 00"

The petitioner therein stipulated that if the association agreed to purchase its lands it would execute a bond and a contract to repurchase the same at the price of $7,840. It also agreed to pay the association, monthly, $78.70, made up as follows: Interest on $7,840, $39.20; premium on seventy-nine shares of long-term stock, $19.75, and dues on said shares, $19.75.

By a deed executed by the association, and also by the petitioner, the latter conveyed to the association the land in question for an expressed consideration of $7,840, subject to the mortgage for $3,000, which the association assumed as part of the consideration. By an indenture of the same date between the parties the association agreed that, upon the performance of all petitioner's covenants up to the time of the maturity of the shares of stock, it would reconvey to petitioner the land, free from all encumbrances.

It thus appears that the deed from petitioner to the association contained or was accompanied with a defeasance whereby, upon the maturity of the scheme of the association and the performance by the petitioner of its obligations, the land was to be reconveyed to the petitioner, free from all liens.

The insolvency of the association has intervened, and the scheme can never be carried out. The receiver is bound to call in all the assets of the association and to enforce its rights in winding up the concern.

Under such circumstances mortgages of such associations become immediately enforceable by the receiver, and a co-relative

right arises in each mortgagor to redeem his lands from the mortgage thereon. *Weir* v. *Granite State Provident Association,* *56 N. J. Eq.* (*11 Dick.*) *234.* The conveyance of lands to such an association, with a defeasance of the nature of that disclosed in this case, is a pledge of the land as security for the performance of such obligations, and when they can no longer be performed the above doctrine will apply. The receiver may enforce the rights the association acquired thereby and the grantor may redeem the land by making proper payment for the same. What payment must be made is to be determined by the contract between the parties and the equities arising out of the abortive scheme.

The receiver does not contest the right of petitioner to a redemption of his lands, but he does not agree as to the terms upon which the petitioner claims to be entitled to redeem.

At the argument counsel for petitioner urged that it should be allowed to redeem the land subject to the first mortgage of $3,000, and upon payment of whatever sum should be deemed due in addition thereto. The receiver made no objection to such a redemption if it could be effected without detriment to the trust he is administering, and submits, by his answer, to such a redemption, if the same ought to be directed. The association having assumed payment of that mortgage, the holder thereof is entitled to enforce that covenant against the receiver and against the assets of the association. Under such circumstances the petitioner ought not to be permitted to redeem the land unless it pays that mortgage and so releases the fund from any liability upon the assumption by the association, or unless it secures from the holder of the mortgage a complete release from that liability.

It has not been made to appear whether the association before its insolvency, or the receiver since, has paid the interest accruing upon the first mortgage. It does appear that the petitioner has made all monthly payments for interest up to the time of the insolvency, and of course those payments included interest upon the first mortgage. So much of the interest thus paid by the petitioner as has been applied by the association to the payment of interest on that mortgage cannot be considered in any calculation of the amount now due and required for redemption.

If the petitioner cannot procure a release of the liability upon the assumption of the mortgage, or is obliged to pay off that mortgage, interest paid by the petitioner which has not been applied by the association and paid upon that mortgage must be taken into account. At present the case is not presented so as to permit any direction in respect to the interest.

The matter has been argued as if the redemption could be decreed subject to the first mortgage, and the controversy is as to the amount which petitioner should be required to pay for redemption under those circumstances. On the part of petitioner it is claimed that in the calculation of the amount to be paid it should be charged only with the money which it actually received in the transaction and legal interest thereon, and that it should be credited with all interest paid by it and all premiums allowed by it.

It will be observed that there were two sorts of premiums, one a gross premium of $840, included in the consideration of the conveyance, and the other a monthly premium, exacted monthly, under the contract.

By the receiver it is claimed that it will be improper to allow all the interest paid by the petitioner, because part thereof was paid upon the first mortgage, and that all the premiums paid or allowed should not be credited, but only a proper proportion thereof. His contention is twofold, viz., that premiums were paid for the privilege of borrowing, and that thereby petitioner obtained that privilege and enjoyed it for a time, and that for the privilege so enjoyed the premiums should be considered as paid *pro tanto;* or that, looking at the whole scheme, which contemplated borrowing and non-borrowing members, the premiums should be apportioned and not be all applied in satisfaction of the claim against the petitioner, which was a borrowing member.

With respect to the application of interest, the claim of petitioner is too broad, if the association has paid the interest on the first mortgage. So much as the association has paid upon the first mortgage ought not to be again allowed to petitioner. Whatever was not paid upon the first mortgage may be allowed.

With respect to the allowance for premiums, if the matter were *res nova* I should find it difficult to resist the contention of

the receiver, but I am concluded from adopting that contention by a pertinent adjudication of this court upon the very question presented. In *Weir* v. *Granite State Provident Association, ubi supra,* it was decided that all payments for premiums in such cases should be allowed to the borrower. This was followed by Vice-Chancellor Grey, in *Hoagland* v. *Saul, 53 Atl. Rep. 704.* The doctrine of that case, in this respect, was deemed by Vice-Chancellor Pitney not to be involved in the case decided by him in *Whitehead* v. *Commercial Building and Loan Association, 64 N. J. Eq.* (*19 Dick.*) *24.* In *Harris, Receiver,* v. *Nevins, infra p. 183,* Vice-Chancellor Emery, in an opinion not yet reported, but which I have had the benefit of examining, expresses the views which occasion doubts in my mind as to the correctness of the doctrine of the *Weir Case,* but such doubts ought not to require an antagonistic ruling. If erroneous, the correction should be made by an appellate court.

It results that in computing the amount due by the petitioner it should be charged with the amount of money actually received by it, with legal interest thereon from the times it was received, it having been paid in installments. It should be credited with all the interest paid by it, including interest paid on the gross premium and interest on the monthly premiums, except interest which the association has paid upon the first mortgage, and it should also be credited with the monthly premiums paid, with interest, as aforesaid.

In considering the amount of the first mortgage petitioner should be charged with unpaid interest thereon, and taxes, assessments and insurance premiums, if any have been paid by or are chargeable to the association. If petitioner pays off that mortgage, or procures a complete release from the liability assumed by the association, the mortgage may be left out of the calculation of the amount to be paid for redemption, otherwise the amount due thereon is to be included.

Petitioner should also be charged with such share of the expenses of the association as was payable by it under the articles of association.

By an order of this court the receiver was directed to pay a dividend to all shareholders. The dividend upon petitioner's

shares has not been paid to it, and it is conceded that petitioner is entitled to an allowance therefor in the calculation of the amount to be paid for redemption.

As it does not appear what amount of interest has been paid by the association on account of the first mortgage, it will be necessary to refer the matter to a master to report thereon, unless petitioner and the receiver can agree thereon. There must then be an account stated of the amount which, upon the principles above set forth, petitioner should pay to redeem its lands and procure a reconveyance thereof. If petitioner and the receiver cannot agree thereon the matter will be referred to a master to state such an account.