The disposition of the present motion, which has been made against the bill filed herein, is dependent upon the ascertainment of the respective rights of a mortgagee of real estate, under a mortgage securing the payment of an accompanying bond, the mortgagor and a purchaser of the mortgaged premises in whose deed of conveyance from the mortgagor there is contained a clause by which the purchaser has expressly assumed the payment of the mortgage debt.
The bill herein has been filed by the mortgagor and primarily seeks a reformation of the deed of conveyance from him to his vendee, to the end that the deed may be made to set forth a clause assuming payment of the mortgage debt in the form in which it is alleged that clause was intended by the respective parties to the conveyance; but the bill also seeks restraint against the mortgagee further proceeding against the mortgagor in the collection of the mortgage debt until the reformation of the deed shall have been accomplished, to the end that the mortgagee may then be required to proceed against the purchaser of the mortgaged premises under the reformed contract of assumption.
The present motion has been made by the mortgagee who seeks to be dismissed from the bill on the ground that under the averments of the bill no equitable relief can be awarded against him.
Accordingly it must be here assumed for the purposes of this motion that the averments of the bill are true and that the deed of conveyance from the mortgagor to his vendee will be reformed in the manner supported by the averments of the bill.
The transaction thus disclosed by the bill is a conveyance by the mortgagor in which the amount of the mortgage debt *Page 60 
was deducted from the purchase price and its payment expressly assumed by the vendee.
In this state the rights and liabilities arising from transactions of that nature have been frequently considered and determined. The purchaser of the land subject to the mortgage, who assumes and agrees to pay the mortgage debt, becomes, as between him and his vendor, the principal debtor, and the liability of the vendor, as between the parties, is that of a surety. If, in such case, the mortgagor pays the mortgage debt, by operation of law he becomes entitled to the rights and remedies of a surety against a principal, and may sue his vendee at law for the money so paid. This is defined as legal subrogation and results from the relation of surety and principal. This relation of surety and principal between the mortgagor and his vendee is also operative to confer upon the mortgagee the right to enforce payment of the mortgage debt, either in whole or in part, against the vendee of the mortgagor; but that right does not rest upon the theory of a contract of the vendee with the mortgagee or a contract of the vendee with the mortgagor for the benefit of the mortgagee. It rests upon the equitable principle that a creditor — in such case the mortgagee — may have the benefit of all collateral obligations for the payment of the debt which the person in the situation of a surety for others — in such case the mortgagor — holds for his indemnity. Nor can this right of the mortgagee to recover from the vendee of the mortgagor be said to be in virtue of any original equity residing in the mortgagee. He is allowed, by mere rule of equitable procedure, to go directly as a creditor against the person ultimately liable in order to avoid circuity of action and save the mortgagor, as the intermediate party, from being harrassed for the payment of the debt, and then be driven to seek relief over against the person who has indemnified him and upon whom the liability will ultimately fall. The equity on which his relief depends is the right of the mortgagor against his vendee, to which right the mortgagee is permitted to succeed, by substituting himself in the place of the mortgagor. These underlying principles *Page 61 
which enter into and control situations of this nature are more fully set forth and exemplified by Mr. Justice Depue in Crowell
v. Hospital of Saint Barnabas, 27 N.J. Eq. 650; and again by the same learned justice in Philadelphia and Reading RailroadCo. v. Little, 41 N.J. Eq. 519.
Consistently with this recognized right of a mortgagee to proceed directly against the vendee of a mortgagor who has assumed payment of the mortgage, and thus protect the mortgagor in his primary liability to the mortgagee, recognition has been given, in a great number of adjudicated cases in this state, to a corresponding equitable right of the mortgagor, in appropriate circumstances, to require the mortgagee to enforce payment first against the vendee of the mortgagor. In the recent case of MaxGreenberg v. Sarah Leff et al., 104 N.J. Eq. 502, the numerous cases in this state in which this right of the mortgagor has been recognized are collected and need not here be repeated. The general rule, as there stated, appears to be that when protection of that nature to the mortgagor can be afforded without substantial injury to the mortgagee, the mortgagee should be restrained from enforcing payment against the mortgagor until the remedy against the vendee of the mortgagor is first exhausted; but relief of that nature should only be awarded with due regard to the interests of the mortgagee; and the mortgagee should not be subjected to the danger of loss or even unreasonable delay in collecting the money due to him; that the special circumstances of the case must control the relief and indemnity against loss may be required.
In the present case the relief sought is to restrain the mortgagee from enforcing a deficiency judgment against complainant mortgagors until complainants shall have had time to adequately establish the liability of their vendees, to the end that payment may be enforced against these vendees before complainants are required to make payment. I think the averments of the bill sufficiently disclose that relief to be appropriate and just, provided the mortgagee is first adequately secured against the possibility of loss. The motion against the bill will be denied. Should the mortgagee desire an indemnity bond a motion for that purpose will be entertained. *Page 62