The bill is by complainant, Fiedler Corporation, to foreclose its mortgage executed by Schober Rhyne, Incorporated, in the sum of $27,000. By amendment of its certificate of incorporation, Schober Rhyne, Incorporated, changed its name to Schober Tire Company. It was made a defendant under P.L. 1932 in order to establish its liability for deficiency. The mortgagor conveyed the premises covered by the mortgage to the Peak Realty Company.
The answer and counter-claim filed by Schober Tire Company alleged that the premises in question were conveyed by it to the defendant Peak Realty Company for a consideration of $92,000. The contract for the sale originally was to Sidney Finkel, and assigned by him to William F. Conway the principal *Page 536 
stockholder in the Peak Realty Company, and title was closed in its name. The contract provides for the "assumption of second mortgage $27,000," which is the mortgage under foreclosure. The consideration in the deed is one dollar and other good and valuable consideration and reads: "subject to a * * * and a second mortgage in the sum of $27,000, held by Fiedler Corporation." At the time of closing title the sum of $27,000 secured by the mortgage was deducted from the purchase price.
The prayer in the counter-claim is that the defendant Peak Realty Company be decreed to be primarily liable to pay the amount due on said bond and mortgage to the complainant. On motion the answer and counter-claim was struck as to the complainant without prejudice to the right of said defendant to proceed on the counter-claim as an original bill against the defendant Peak Realty Company.
No sale under the foreclosure has taken place, and it is objected that the relief prayed for is, therefore, premature since there is no deficiency. Under P.L. 1932, however, the defendants must be made parties to the foreclosure suit if complainant intends to hold them in case of deficiency, and to avoid multiplicity of suits, the counter-claim will now be entertained in order to fix the liability of the parties. UsbeBuilding and Loan Association v. Ocean Pier Realty Corp.,112 N.J. Eq. 580.
The defendant Peak Realty Company having accepted the property subject to the mortgage and kept back enough of the vendor's money to pay it, it is only common honesty that it be required to pay or stand primarily liable for the debt. The retention of the money imposes upon the defendant the duty of protecting the vendor against the debt. We have said heretofore that this must be so even according to the lowest notions of justice, for it would be intolerably unjust to permit the vendee to keep back the vendor's money with the understanding that he would pay, and still be free from all liability for failure to apply the money according to his promise.
It is so well established in this court, that it seems almost unnecessary to repeat it, that where a purchaser of mortgaged *Page 537 
premises deducts or retains out of the purchase price, as fixed and agreed upon, the amount of the mortgage debt under the circumstances herein, equity will there raise or impose upon his conscience an obligation to indemnify his grantor, if the latter himself be personally liable for the payment of the mortgage debt, and this although the premises were conveyed subject to the mortgage. Tichenor v. Dodd, 4 N.J. Eq. 454; Heid v.Vreeland, 30 N.J. Eq. 591; Thayer v. Torrey, 37 N.J. Law 339;Friedman v. Zuckerman, 104 N.J. Eq. 322; Reeves v. Cordes,108 N.J. Eq. 469; Dieckman v. Walser, 114 N.J. Eq. 382.
Decree for counter-claimant in accordance with above.