THE MONTCLAIR SAVINGS BANK, complainant-respondent,

*v.*

HELEN K. SYLVESTER and HORACE C. SYLVESTER, JR., defendants-appellants, and MARGARET MURRAY and E. L. MILLER, defendants.

[Submitted May term, 1937—Decided October 26th, 1937.]

*Mr. Harold Boulon,* for the appellants.

*Mr. Philip Goodell (Mr. Charles R. L. Hemmersley,* of counsel), for the respondent.

The opinion of the court was delivered by

HEHER, J.

The bill herein prays the foreclosure of a mortgage covering realty. It was therein alleged that defendants Helen K.

Sylvester and Horace C. Sylvester, Jr., the mortgagors and obligors on the bond secured by the mortgage, conveyed the mortgaged premises to one String, who in turn made a conveyance to defendant Murray. There was no allegation of assumption of the mortgage indebtedness by either String or Murray. The former was not made a party; the latter was joined as the owner of the equity of redemption.

The Sylvesters filed an answer and counter-claim setting forth, *inter alia*, that the intermediate grantee, String, had assumed, in part satisfaction of the purchase price, "the payment to the complainant of the amount of the debt of the said bond and mortgage," and that thereafter complainant, for a valuable consideration, extended, without their knowledge or consent, "the time for payment of the principal sum and of the term of the said bond and mortgage," and thereby, and by reason of other matters (not here pertinent) claimed to have effected an alteration of the contract, released and discharged them from all liability on the "bond and mortgage." There were prayers (1) for discovery; (2) an accounting; (3) an ascertainment of the "fair value" of the mortgaged premises; and (4) a determination of the question of their liability on the "bond and mortgage." Thus there was invoked the principle of the exoneration and discharge of the surety by the extension, without his consent, of the time prescribed for the payment of the debt.

Vice-Chancellor Bigelow struck out the answer, excepting the allegations relating to the maturity of and the amount due on the mortgage—with leave to file "such counter-claims * * * seeking such relief against the complainant as they may believe they are entitled to have"—and directed a reference to a master to ascertain and report, after hearing upon notice, the *quantum* of the mortgage debt. It was indicated in a memorandum filed that a counter-claim designed to restrain action for any deficiency which might arise, based upon "equitable defense to the bond," would be entertained but "held pending the decree of foreclosure and sale," on the authority of *Usbe Building and Loan Association* v. *Ocean Pier Realty Corp., 112 N. J. Eq. 580,* and *Midland Corp.* v. *Levy, 118 N. J. Eq. 76.* The Sylvesters

appeal; and the fundamental question for decision is whether their liability upon the bond, asserted to have been thus discharged, can be litigated and determined in the foreclosure proceedings. We resolve it in the negative.

A suit to foreclose a mortgage is essentially a proceeding *in rem*—*"quasi in rem"* is a more accurate term; and a deficiency decree against the mortgagor upon his bond or covenant to pay the mortgage debt is fundamentally beyond the domain of equitable cognizance, so much so that in early times this jurisdictional incapacity was held to be an exception to the general rule that, where equity obtains jurisdiction under a proper head, it will proceed to administer full relief, legal as well as equitable. Only an independent equitable ground for such relief, *e. g.*, the enforcement of an assumption agreement made by a subsequent purchaser of the mortgaged lands, would justify a deficiency decree in equity. A supplement to the Chancery act, adopted in 1866, authorized a decree for deficiency in the foreclosure suit. But this enactment was superseded by the act of 1880 (lately amended by chapter 231 of the laws of 1932 and chapter 82 of the laws of 1933), relating to proceedings on bonds and mortgages. *Comp. Slat. 1910 p. 3420; P. L. 1932 p. 509; P. L. 1933 p. 172.* Section 1 bars such relief in the foreclosure proceedings. Section 2 directs that, in the collection of the debt evidenced and secured by the bond and mortgage, the mortgage shall first be foreclosed, and if the security shall not yield sufficient to satisfy the debt, then, and only in that case, the mortgagee may proceed on the bond for the deficiency so determined. Thus it is that, by force of the statute, the mortgaged premises are primarily answerable for the debt so secured. *Mutual Savings Fund Harmonia* v. *Gunne, 110 N. J. Law 41; Klapworth* v. *Dressler, 13 N. J. Eq. 62, 66; Crowell* v. *Hospital of St. Barnabas, 27 N. J. Eq. 650; Hoy* v. *Bramhall, 19 N. J. Eq. 563; Jarman* v. *Wiswall, 24 N. J. Eq. 267; Stiger* v. *Mahone, 24 N. J. Eq. 426; Pruden* v. *Williams, 26 N. J. Eq. 210; Toffey* v. *Atcheson, 42 N. J. Eq. 182; Green* v. *Stone, 54 N. J. Eq. 387; Herron* v. *Mullen, 56 N. J. Eq. 839; Cumberland Trust Co., Adm'r,* v. *Padgett, 70 N. J. Eq. 349; Wise* v. *Fuller, 29 N. J. Eq.*

*257; United Security Life Insurance and Trust Co.* v. *Vandegrift, 51 N. J. Eq. 400, 402.* See, also, *Noonan* v. *Brailey, 2 Black 499; 17 L. Ed. 278; Orchard* v. *Hughes, 68 U. S. (1 Wall.) 73; 17 L. Ed. 560; Frank* v. *Davis, 135 N. Y. 275; 31 N. E. Rep. 1100.*

It is a corollary of the foregoing that, to the bill to foreclose, there may be interposed only such defenses as are addressed to the validity or existence of the mortgage (*e. g. non est factum* or confession and avoidance, such as payment or discharge of the debt thereby secured, or release or satisfaction of the mortgage), the maturity of the obligation, the *quantum* of the debt, capacity to sue, and so on. Liability for deficiency, in so far as it depends upon matters not necessary to an adjudication of the right to foreclose, *i. e.*, to resort to the mortgaged lands for satisfaction of the indebtedness, is a matter not cognizable in the foreclosure proceedings. That is the issue to be determined in the action on the bond. Even though the obligor be absolved from all liability on his underlying obligation, the mortgagee may yet be entitled to a decree of foreclosure; and if the former has no interest in the mortgaged lands, it is not necessary that he be made a party to render the foreclosure decree effective. And if he has been made a party to such proceedings, and is later sued upon the bond, he is not affected by the decree except as regards its fixation of the *quantum* of the debt.

It is, of course, essential to a decree of foreclosure—it is a requirement of the statute adverted to—that the amount of the debt for which the property is answerable be fixed and determined; and it is the settled rule that, in respect of this finding, the decree in foreclosure is *res judicata* as to the obligor on the bond, provided he has been made a party to the proceedings and is thus given an opportunity to litigate the question. Under the old practice, where the mortgagor was a proper but not a necessary party to the foreclosure suit, even though a deficiency action was in contemplation, the foreclosure decree did not, as regards the *quantum* of the mortgage debt, have this conclusive character in a subsequent suit on the basic obligation, if he had not been made a party to those proceedings. *Murray* v. *Pearce, 95 N. J. Law 104;*

*Mutual Savings Fund Harmonia* v. *Gunne, supra; United Security Life Insurance and Trust Co.* v. *Vandegrift, supra.* But now, by the amendment of section 2 of the act of 1880, *supra,* effected by chapter 231 of the laws of 1932, *supra,* and chapter 82 of the laws of 1933, *supra,* no action on the underlying obligation lies against one not made a party to the foreclosure proceedings and the decree is still *res judicata* in respect of the *quantum* of the mortgage debt, although the corollary rule (see *Murray* v. *Pearce, supra; Vanderbilt* v. *Brunton Piano Co., 111 N. J. Law 596*) that the order confirming sale is likewise conclusive, in the ascertainment of the recoverable deficiency, of the value of the collateral security so sold, has been modified by the proviso incorporated in section 2 by the amendment of 1933, *supra* (we are not to be understood as implying that it is applicable to the instant case—the bond and mortgage were made and delivered on April 5th, 1929), entitling the debtor to credit, in an action for deficiency, if he puts the amount thereof in issue, for the "fair market value of the mortgaged premises" at the time of the foreclosure sale, regardless of the price yielded thereby.

The cases cited by appellants do not go so far as to sustain the asserted right to thus litigate their liability upon the bond. What was said must of necessity be considered in the light of the situation existing in the individual case. In *Murray* v. *Pearce, supra,* Chief-Justice Gummere, in limiting the matters subject to litigation in the action at law, manifestly proceeded on the premises that the defendant's liability on the bond was conceded and that the sole question at issue was whether he could plead in that action, as a credit on the obligation, the payment of insurance moneys made prior to the institution of the foreclosure proceedings; and it was held that, having been made a party to the latter suit, it was incumbent upon him to plead such payment there, inasmuch as the principle of *res judicata* applied as regards the amount of the indebtedness. Likewise, in *Mutual Savings Fund Harmonia* v. *Gunne, supra,* the question was whether the foreclosure decree was, as to the original mortgagor who had conveyed the lands, *res judicata* in respect of the *quantum* of

the debt; and it was held (citing *Andrews* v. *Stelle, 22 N. J. Eq. 478*—a case in which a disregard of the usury laws was invoked to reduce the mortgage debt) that the decree in this regard was not conclusive as to him and he could therefore litigate the question in the action at law. The court proceeded to inquire "whether any substantial defense *of this character* \* \* \* was improperly overruled;" and it was answered in the negative. And in *Datz* v. *Barry, 115 N. J. Eq. 84,* the gist of the holding is that the mortgagor and obligor on the bond, after he had conveyed the mortgaged premises, was a proper party to foreclosure proceedings; and, having been made a party thereto, was entitled to be heard on the question of the amount of the mortgage debt. The case of *Keim* v. *Brown, 121 N. J. Eq. 86,* is not altogether in point. There the bill alleged a guarantee by the defendant Baird of the payment of the principal sum secured by the bond and mortgage; and it was held that, since the complainants "saw fit to charge him with liability for the mortgage debt and commanded him to answer under penalty of a decree against him, he was entitled to answer denying liability, because that was the reason for making him a party defendant." Thus is suggested the question whether the issue so framed was basically beyond the scope of equity jurisdiction, and therefore beyond the power of the parties to confer by consent. See *Moresh* v. *O'Regan, 122 N. J. Eq. 388; Pridmore* v. *Steneck, 122 N. J. Eq. 35.* It is to be observed that the decision in that case was not rested upon this ground alone. It was held that, in any event, it was proper to join him as a party to render the decree conclusive of the amount of the obligation in the deficiency action.

The evident design of the pertinent statutory provision adverted to (*P. L. 1932 p. 509; P. L. 1933 p. 172*) was to make the person "answerable on the bond" a necessary party to the foreclosure proceedings, if the right of action for deficiency is to be reserved, so as to render the decree *res judicata* as to the *quantum* of the debt, and thus to close the question to further litigation in the deficiency suit and thereby obviate the possibility, if not indeed the probability, of irreconcilable determinations of that issue, and to afford

to the obligor, through notice of the foreclosure proceedings, timely opportunity to employ measures for self-protection, particularly in relation to the sale of the security, upon which deficiency liability depends. *Lapp* v. *Belvedere, 116 N. J. Law 563.*

The provisions of the original statute for a subsequent independent proceeding to recover a deficiency were not abrogated or modified—in fact, they were re-enacted in the amendment of 1933, *supra.* Nor is there exhibited a purpose to clothe the party so answerable on the basic obligation with the right to have his liability thereon determined before the sale of the lands in the foreclosure proceedings. Such a construction would nullify the outstanding, fundamental policy of the statute. The legislature deemed it sufficient to apprise the obligor on the bond of the proposed foreclosure by sale of the security. As pointed out, the mortgaged lands constitute the primary fund for the satisfaction of the debt; and there is nothing in the recent amendments to suggest a legislative purpose to delay the creditor, .for the benefit of the debtor who has parted with the title—even though a mere surety in equity—in the realization of the value of the security after default in the payment of the debt.

The vice-chancellor properly ruled that jurisdiction to restrain, upon equitable grounds, the prosecution of proceedings on the bond could not be invoked until after the existence of a deficiency had been determined in the foreclosure suit. And so the order under review did not deprive appellants of any substantial right. We have no occasion to consider the procedural propriety of seeking such relief by counter-claim in the foreclosure suit.

The order is accordingly affirmed.

*For affirmance*—TRENCHARD, LLOYD, CASE, BODINE, DONGES, HEHER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.

*For reversal*—THE CHIEF-JUSTICE, PARKER, PERSKIE, JJ. 3.