Complainant's bill was filed to foreclose two real estate mortgages given by defendants Charles C. Kronmeyer and wife to, and still held by, complainant building and loan association now in voluntary dissolution by trustees chosen by its shareholders. The pertinent allegations of the bill are as hereinafter stated.
April 18th, 1935, said defendants executed their bond to complainant conditioned for payment of $3,000 in monthly *Page 600 
installments of $18.75, until fifteen shares of stock in said association owned by the obligors and assigned to the association as collateral security for the payment of said principal sum should mature, together with interest at six per cent. payable monthly. On the same date said defendants executed another bond to complainant conditioned for payment of $2,000 April 18th, 1938, with interest thereon at six per cent. payable monthly, together with a premium charge of $2.50 also payable monthly. To secure said bonds said defendants executed to complainant said two mortgages. Subsequently the defendants conveyed the mortgaged premises to James Sauter. Both bonds and mortgages are due and payable and complainant seeks a decree for $5,000 and interest and, in default of payment, sale of the mortgaged premises to realize said sum claimed by it to be due. The original obligors and mortgagors and their grantee and his wife and tenants of the mortgaged premises, are the defendants named in the bill.
Answer was filed for defendants Kronmeyer and wife which does not deny execution of said bonds and mortgages. It merely denies that the amount claimed by complainant is due, by alleging that the answering defendants and Sauter made monthly payments on account of the principal of the first bond and mortgage, which have reduced the amount due thereon for principal to $2,337.50; that on the second bond and mortgage the principal sum of $2,000 is due.
Complainant moved to strike the answer as sham and in support of said motion filed an affidavit stating that the first bond and mortgage provides that the mortgagors shall pay the principal thereof by paying $1 per month on each of fifteen shares of the capital stock of the complainant association owned by the mortgagors and assigned to the association as collateral security for the payment thereof, and on which the association's loan was based, together with twenty-five cents premium per share payable monthly, until said shares should attain the maturity value of $200 each. The affidavit shows by fair inference that monthly payments of $15 each made by the answering defendants and their grantee to complainant association, were on account of the shares assigned by the answering defendants to complainant and not *Page 601 
on account of said mortgage; that the further monthly sum of $3.75 so paid was on account of premium for said mortgage loan made to the answering defendants. Said affidavit also shows that the book value of the shares assigned to the association as collateral security, as of the date of complainant's dissolution, is $924 but that it is impossible to determine the ultimate value of said shares until final liquidation of complainant's business. No replying affidavit was filed on behalf of the answering defendants and on the argument of the motion to strike, it was agreed by counsel for all parties that the question for decision is whether the answering defendants are entitled to have the book value of their shares credited on account of the principal sum secured to be paid by their first bond and mortgage.
The bill of complaint seeks no personal decree against the answering defendants but they are entitled to be heard as to the amount due on the two mortgages because, as obligors on the bonds, they may be liable for any deficiency arising on foreclosure sale and a decree entered in the cause will be binding on them as to the amount of the mortgage debt. MontclairSavings Bank v. Sylvester, 122 N.J. Eq. 518. The only defense set up by their answer is as to the amount of such debt, which question is the proper subject of reference to a master (Chancery rule 202). Complainant may take such order of reference, which will contain a provision requiring the master to give the answering defendants notice of hearing before him. For the master's guidance I will state that no credit on the mortgage debt can be allowed for monthly payments made for dues on account of the shares assigned to complainant as collateral security or for the value of such shares, but that credit should be given for all premiums paid on account of the loans secured by the two mortgages. Weir v. Granite State Provident Association,56 N.J. Eq. 234; Whitehead v. Commercial Building and LoanAssociation, 64 N.J. Eq. 24; Bettle v. Republic Savings andLoan Association, 68 N.J. Eq. 1; Harris v. Nevins, Ibid. 183;affirmed, Ibid. 684; Mercantile Co-operative Bank v. Goodspeed,Ibid. 395; Thirteenth Ward Building and Loan Association v.Weissberg, 115 N.J. Eq. 487. *Page 602