The bill seeks the foreclosure of a mortgage which the defendant counter-claimant, Julius Vinik, executed with Richard D. Vinik. It, among other things, alleges the execution of the bond and mortgage, and the conveyance of the mortgaged premises to three successive grantees, the first of whom assumed payment of the mortgage debt. In June, 1932, the mortgagee executed an agreement with the last grantee to extend the time for the payment of the mortgage. The defendant Julius Vinik filed an answer in which he admitted some of the allegations of the bill and put the complainant on its proof as to the others. He set up these defenses: that he was discharged of any personal liability by the execution of the extension bond and agreement, the mortgagee having knowledge of the first grantee's assumption of the mortgage debt; that the extension bondsman became the principal debtor, and the extension agreement thereby *Page 219 
released the defendant of liability for the mortgage debt; that, in the alternative, at the time of the original maturity of the mortgage, the defendant was a surety to the extent of the value of the property at that time, which far exceeded the mortgage debt, and the extension thereby discharged him of liability; that the extension discharged the defendant's liability to the extent of the depreciation of the mortgaged premises from the original due date; that the extension agreement modified the terms of the original bond and mortgage and thereby discharged the defendant; and that the interest rate was reduced, discharging the defendant.
He also filed a counter-claim in which, in effect, he presented the same contentions and prayed for a restraint against any deficiency action.
The complainaint moves to strike the provisions of the answer denying any knowledge or information of certain allegations of the bill, which it supports with an affidavit, and asks that paragraphs 2 and 4 of the answer should be stricken as sham. It also moves for a dismissal of the counter-claim stating that it is improper, and is not material or relevant to the bill.
The defenses in the answer, and the allegations in the counter-claim, all relate to matters of defense to a claim for personal liability on the mortgage bond. They do not relate to the complainant's right to foreclose the mortgage, or to the amount due thereon.
The defenses and the counter-claim in the instant case are somewhat similar to those filed in the case of National Newark,c., Co. v. Vangold Realty Co., 125 N.J. Eq. 293; 5 Atl. Rep.
2d 315, wherein Vice-Chancellor Buchanan, among other things, said:
"Defendant's denial of any personal liability to complainant is utterly irrelevant and immaterial to a bill which seeks only to subject the mortgaged premises to the payment of the amount which the mortgage was given to secure. Montclair Savings Bank v.Sylvester, 122 N.J. Eq. 518; 194 Atl. Rep. 811."
See Usbe Building and Loan Association v. Ocean Pier RealtyCorp., 112 N.J. Eq. 580; 165 Atl. Rep. 580; Vanderbilt *Page 220 
v. S.W. Holding Co., 112 N.J. Eq. 584; 165 Atl. Rep. 634;Scheerer v. Lippman Lowy, Inc., 125 N.J. Eq. 93; 4 Atl. Rep.
2d 273; Fiedler Corp. v. Peak Realty Co., 114 N.J. Eq. 535; 169 Atl. Rep. 169.
Paragraphs 1, 5 and 6 of the separate and independent answers reciting that the defendant was discharged of liability by reason of the extension of the mortgage, the modification of its terms, and the reduction in interest, fail to allege that the extension, modification and reduction were made with one who was personally liable for the mortgage debt. The extension and modification were made with the Schuberts; but it does not appear that they are, or were liable for the payment of the mortgage debt. This court has invariably held that in order to effect a discharge of liability, it is essential that the extension be made with one liable for the mortgage debt, and that the mortgagee had knowledge of that fact. Gorenberg v. Hunt, 107 N.J. Eq. 582; 153 Atl. Rep. 587;DeLotto v. Zipper, 116 N.J. Eq. 344; 173 Atl. Rep. 588; Meyer
v. Blacker, 120 N.J. Eq. 35; 184 Atl. Rep. 191; Wittson v.Englewood Plumbing Supply Co., 121 N.J. Eq. 323;189 Atl. Rep. 920; Fidelity Union Trust Co. v. Prudent Investment Corp.,129 N.J. Eq. 255; 19 Atl. Rep. 2d 224.
The answer does not indicate that the intervening grantees were liable for the mortgage debt and unless that were established, the assumption by the Schuberts would not make them liable unless their predecessors in title had also assumed payment of the debt.Usbe Building and Loan Association v. Ocean Pier Realty Corp.,supra; Meyer v. Supinski, 125 N.J. Eq. 584; 7 Atl. Rep. 2d277.
The defendant claims that the execution of the extension bond made the Schuberts primarily liable, and that the extension agreement, executed simultaneously therewith, discharged him of any liability. However, the execution of the extension bond did not make him a surety for the Schuberts; he was not a party to that transaction. Fidelity Union Trust Co. v. Gottlieb,125 N.J. Eq. 152; 4 Atl. Rep. 2d 498; Schumann v. FidelityUnion Trust Co., 126 N.J. Eq. 349; 8 Atl. Rep. 2d 852;affirmed, 127 N.J. Eq. 249; 12 Atl. *Page 221 Rep. 2d 724; Fidelity Union Trust Co. v. Prudent Invest.Corp., supra.
The third defense fails to allege that the mortgaged premises depreciated in value after the time of the due date of the mortgage. Consequently, the claim for exoneration must be denied. In Reeves v. Cordes, 108 N.J. Eq. 469; 155 Atl. Rep. 547, the court, among other things, said:
"But complainant's amended bill cannot be sustained under or upon even the principles last above referred to. It is devoid of even a single allegation that the properties, or either of them, depreciated in value between the original due dates of the mortgages and the time of the commencement of the foreclosure proceedings. In such a situation this court will not assume that the property had depreciated in value after the original due date of the mortgage, the legal presumption being to the contrary."
Also see Fidelity Union Trust Co. v. Prudent Invest. Corp.,supra.
The counter-claim is devoted solely to the question of personal liability, viz., liability for the mortgage debt. In MontclairSavings Bank v. Sylvester, 122 N.J. Eq. 518;194 Atl. Rep. 811, the Court of Errors and Appeals laid down the rule that the defendant is not entitled to litigate in a foreclosure suit issues relating to his liability on the bond. The decision in that case is controlling in the present situation. Herbert v.Corby, 124 N.J. Law 249; 11 Atl. Rep. 2d 240; Woodbridge
v. De Angelis, 125 N.J. Law 579; 17 Atl. Rep. 2d 542.
The complainant's motion to strike will be granted without prejudicing defendant's right to present his defenses in any other proceeding charging him with liability arising out of the execution of the bond and mortgage. *Page 222