In this suit to foreclose a mortgage, the original mortgagors are before the court on a motion to strike the bill of complaint against them on the ground that it appears on the face of the complaint that the statute of limitations has run against them since it alleges that the mortgage originally became due over sixteen years ago.
In my opinion, this contention is unsound.
Under our statute relating to mortgages, it provided that the sole remedy is against the property and that there can be no personal judgment on the bond against the mortgagor, but that this relief must be sought in an action at law for a deficiency after the foreclosure sale.
The statute also provides that no action shall be instituted against any person answerable on the bond unless he has been made a party in a proceeding to foreclose a mortgage. R.S. 265-1 and265-2. *Page 249 
It is unquestionably true that if after foreclosure sale in this suit complainants sued the mortgagors for a deficiency and the mortgagors set up the sixteen year statute of limitation, complainants could not succeed against them unless they set up facts which would toll the statute. But that does not necessarily mean that in the present suit complainants are required to anticipate the defense by setting up the facts which would prevent the statute from running. On the contrary, I do not consider that they are bound to do so.
In the first place, a foreclosure suit is won against the mortgaged property only and matters cognizable in such a suit are limited. In Montclair Savings Bank v. Sylvester, 122 N.J. Eq. 518,
the court says (at p. 521):
"A suit to foreclose a mortgage is essentially a proceeding inrem — `quasi in rem' is a more accurate term; and a deficiency decree against the mortgagor upon his bond or covenant to pay the mortgage debt is fundamentally beyond the domain of equitable cognizance, so much so that in early times this jurisdictional incapacity was held to be an exception to the general rule that, where equity obtains jurisdiction under a proper head, it will proceed to administer full relief, legal as well as equitable.
"* * * It is a corollary of the foregoing that, to the bill to foreclose, there may be interposed only such defenses as are addressed to the validity or existence of the mortgage (e.g.,non est factum or confession and avoidance, such as payment or release or satisfaction of the mortgage) the maturity of the obligation, the quantum of the debt, capacity to sue, and so on. Liability for deficiency, in so far as it depends upon matters not necessary to an adjudication of the rights to foreclose, i.e., to resort to the mortgaged lands for satisfaction of the indebtedness, is a matter not cognizable in the foreclosure proceedings."
In the same case the court held that the question of the mortgagor's liability on the bond could not be litigated in the foreclosure proceeding. In addition, it is to be noted that mere lapse of time on the term fixed by the statute of limitations does not bar a recovery. Certainly in an action *Page 250 
at law, it is well settled that the defense of the statute must be pleaded. Martin v. Lehigh Valley Railroad Co.,90 N.J. Law 258.
Since the question of the mortgagors' liability cannot be litigated in this suit, complainants are under no obligation to set up facts which have no relevancy in this suit in order to meet a possible defense and a later action at law. The mortgagors' liability in this suit cannot be determined and since the statute expressly requires that they be made parties before they can be sued at law, they certainly are proper parties herein.
The motion to strike will be denied.